CHARLES R. WESTBROOK, Appellant, *v.* WILLIAM GLEASON, Impleaded, etc., Respondent.

Where one in the possession of lands under a contract for the purchase thereof, and who has made payments upon the contract and has made improvements upon the premises, takes a deed thereof without knowledge of the existence of a prior unrecorded mortgage thereon, giving a bond and mortgage for the whole purchase-price, and in consideration of the conveyance surrenders his rights as vendee in possession, and the deed and subsequent mortgage are recorded before the prior mortgage, he is a *bona fide* purchaser for value within the meaning of the recording act (1 R. S. 756, § 1). The title so acquired is superior to such prior mortgage, and a purchaser upon foreclosure of the subsequent mortgage takes the premises freed from the lien of the prior mortgage.

(Argued April 21, 1882 ; decided October 10, 1882.)

THIS action was brought to foreclose a mortgage on two hundred and seventy-five acres of land executed by Dennis D. McKoon to Marcus Schoonmaker, and by him assigned to the plaintiff. Defendant Gleason claimed a title to fifty-five acres of the land superior to the mortgage. The case is reported on a former appeal in 79 N. Y. 23.

The questions here presented appear in the following extract from the opinion.

"When this case was before us on the former appeal, we held that if Samuel Jones was a purchaser from McKoon of the fifty-five acres in question in good faith and for a valuable consideration, without notice of the unrecorded mortgage from McKoon to Schoonmaker (being the mortgage under which the plaintiff claims), he (Jones) took title free from that mortgage, his deed having been first recorded; and that the respondent Gleason, having acquired the title of Jones, the Schoonmaker mortgage could not be enforced against the fifty-five acres in the hands of Gleason or his grantees.

"Upon the evidence on the first trial we held that the finding that Jones took his deed from McKoon in good faith and without notice of the Schoonmaker mortgage was sufficiently supported, and that the evidence would have justified a further finding that he gave a valuable consideration for the deed. That it appeared that at the time he took the deed he had an

equitable title to the land by virtue of a contract for the purchase thereof, under which contract he had been in possession of the land for several years, and had made improvements thereon, and that if in consideration of the deed he surrendered his title as vendee in possession, with his right to his improvements, etc., he was a purchaser for value. The ground upon which, on the first trial, it was found that he was not a purchaser for value was that he paid the whole purchase-money by giving his own bond and mortgage therefor; but it needs no argument to prove that if, in consideration of the deed, he surrendered his rights under his contract, and gave a larger price than he was bound to pay under his contract, and secured the purchase-money by a mortgage covering the improvements which were equitably his own, this was a parting with value, which would constitute a sufficient consideration to bring him within the protection of the statute.

· "On the second trial, which is now under review, the trial court found that Jones purchased the fifty-five acres in question from McKoon, and took his deed therefor in good faith and without any knowledge of the existence of the plaintiff's mortgage, and believing that he was getting an unincumbered title ; that at the time of the agreement for said purchase, Jones and his wife were, and had been for several years, in possession of the land under a contract for the purchase thereof, and had made valuable improvements thereon by clearing the land, planting an orchard and putting up buildings, and had paid part of the purchase-money, and at all times claimed to own the land, and that as part of the agreement with McKoon for said purchase, Jones waived and gave up his right and equitable interest in said fifty-five acres and agreed to take a deed thereof from McKoon and pay him therefor $500, McKoon claiming to be the owner of the land, and that in pursuance of such agreement McKoon and his wife executed and delivered to Jones a deed of the premises dated the 1st of October, 1868, and Jones at the same time delivered to McKoon a bond and mortgage on the land, to secure said $500, together with $200 advanced by McKoon to Jones to buy a yoke of oxen, making the $700 for which the mortgage was given, and that at the time Jones took the deed he had an equit-

able interest in, and right and title to said fifty-five acres, which he surrendered and gave up when he took said deed and gave said mortgage.

" The facts thus found clearly sustain the conclusion of the trial court that Jones was a *bona fide* purchaser within the provisions of the statute, and entitled to be protected against the unrecorded mortgage.    But the appellant now contends that some of the material findings are unsupported by any evidence, and that his exceptions thereto should be sustained.

" These exceptions compel us to look into the evidence sufficiently far to ascertain whether there is any evidence to sustain the conclusions of the trial judge."

The residue of the opinion is taken up with a discussion of the evidence, and the conclusion is arrived at that there was sufficient to sustain the findings.

*M. Schoonmaker* for appellant.

*William Gleason* for respondent.

RAPALLO, J., reads for affirmance.
All concur, except MILLER and TRACY, JJ., absent.
Judgment affirmed.