### FLAGLER *v.* MALLOY *et al.*

*(Supreme Court, General Term, Fifth Department. April 11, 1890.)*

MORTGAGES—LIENS—PRIORITY.

> As security for plaintiff's indorsement of notes, the maker thereof gave him a mortgage on land, but, through an error in the description, it did not include the land intended to be conveyed. The mortgage was not recorded, but thereafter another mortgage, correctly describing the property, was given, and duly recorded. Prior to the execution of the second mortgage a judgment was docketed against the mortgagor. Plaintiff had no knowledge of this until after the recording of his mortgage and the payment by him of the notes. After the recording of the second mortgage the judgment was assigned for value to parties who had no actual knowledge of the mortgage. *Held,* that the lien of the mortgage was superior to that of the judgment against the assignees as well as the judgment creditor.

Appeal from special term, Wayne county.

Action by Arthur P. Flagler against John O. Malloy, Asa Plumb, and George Mansfield. There was judgment for plaintiff. Defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*John H. Camp,* for appellants.    *H. R. Durfee,* for respondent.

CORLETT, J. In March, 1880, the defendant Malloy requested the plaintiff to execute a power of attorney authorizing him to indorse the plaintiff's name upon notes, drafts, and checks, to raise money for Malloy's benefit, to the ex-

tent of $3,000. For security, he agreed to give the plaintiff a mortgage upon the premises described in the complaint. In May following the mortgage was executed, but not recorded. Through a mistake, there was an error in the description so that the mortgage did not include the lands intended to be conveyed, nor was it executed by Malloy's wife, although her name appeared in the body of the mortgage. On the 28th of February, 1884, Malloy and wife executed another mortgage, properly describing the lands, as a substitute for the first. This mortgage was recorded in the Wayne county clerk's office on the 7th day of March, 1884. Malloy, under the power of attorney, indorsed the plaintiff's name on various notes, and the plaintiff was compelled to pay $1,004 on the 15th day of March, 1884, on one of the notes, dated November 19, 1883; on April 2, 1884, $1,564 on a note dated January 26, 1884. On the 24th day of March the plaintiff paid $426.84 on another note, made to raise money to pay a previous obligation created by Malloy under the power of attorney. No part of these moneys, amounting at the time of the trial to $3,630.79, was ever repaid to the plaintiff. On the 18th day of February, 1884, the defendant Pulver recovered a judgment against Malloy for $1,404.68, which was docketed in Wayne county clerk's office on that day. On the 19th day of February in the same year, execution was issued to the sheriff, who levied upon sufficient personal property to pay it. On April 8, 1884, Pulver assigned the judgment to the defendants Mansfield, Plumb, and Lapham, who at that time paid Pulver by giving their notes. The levy on the personal property was then released. The notes were afterwards paid by Mansfield and Plumb, and the judgment was assigned to them by Lapham. At the time Mansfield and Plumb gave their notes as above stated, they had no knowledge or, information that the mortgage was claimed to be a lien prior to the Pulver judgment. The plaintiff had no knowledge of the existence of the judgment, execution, or levy until after the 8th day of April, 1884. In January, 1886, Malloy made a general assignment to the defendant Breese for the benefit of creditors. He accepted the trust, and still acts in that capacity. The above facts were found by the trial justice upon sufficient evidence, and he decided the mortgage to be a lien superior to the judgment. Judgment was entered, and the defendants appeal to this court.

It is a general rule that a contract for a mortgage is preferred to a judgment recovered after the contract. *In re Howe*, 1 Paige, 125. Same in *Kusted* v. *Avery*, 4 Paige, 9, where the court say "that, a judgment being merely a general lien on the land of the debtor, the lien is subject to every equity which existed against the land in the hands of the judgment debtor at the time of the docketing of the judgment." *Cook* v. *Kraft*, 60 Barb. 409. *Moyer* v. *Hinman*, 13 N. Y. 190, where the same rule is stated in the same language. *Waring* v. *Loder*, 53 N. Y. 584; *Spring* v. *Short*, 90 N. Y. 538. It is a familiar rule that the purchaser of choses in action acquires no better title than his vendor. *Marvin* v. *Inglis*, 39 How. Pr. 354; *Westbrook* v. *Gleason*, 89 N. Y. 641; *Hill* v. *Hoole*, 116 N. Y. 299, 22 N. E. Rep. 547.

It is insisted by the learned counsel for the appellants that the purchasers of the judgment had no knowledge of the existence of the mortgage in suit at the time they obtained it; that in fact the assignor of the judgment represented to them, and they relied upon those representations, that there were no liens upon the premises prior to the judgment. In this connection, it must be borne in mind that, although the judgment was obtained before the mortgage was executed, yet the mortgage was on record at the time of the purchase of the judgment, and had been for about a month. As between the assignor of the judgment and the purchasers, it could be urged with great force that he was estopped by the representations made. This would have no application to the plaintiff claiming under his mortgage. It is not seriously urged on the part of the appellants that, as between the mortgage and the judgment before assignment, the mortgage was not the prior lien. It is

obvious that the assignees occupy no better position than the assignor as against the plaintiff. When they bought, his mortgage was on record. As between him and them, no elements of an equitable estoppel exist. The correction of a mistake in the first mortgage cannot be considered as an abandonment of the plaintiff's equities. When the mortgage in suit was executed, there was an equitable lien in favor of the plaintiff evidenced by the agreement to make a mortgage, also by the imperfect one. The conclusion reached by the trial justice was right, and the judgment must be affirmed, with costs. All concur.