### SMITH v. BALCOM et al.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

TRUSTS—ENFORCEMENT—APPLICATION OF STATUTE OF USES.

One who acquired the legal title to land by foreclosing a mortgage which had been assigned to her under a parol trust for another, who paid the consideration therefor, cannot hold the land as against the latter, as 1 Rev. St. p. 728, § 51, providing that, where a grant shall be made to one person upon a consideration paid by another, no trust shall result, etc., is not applicable to such case.

Appeal from special term, Erie county.

Action by Reuben L. Smith against Clara S. Balcom and another, each individually and as executrix and executor of the estate of Martha J. Smith, deceased, to establish title to certain lands. From a judgment determining that certain lands had absolutely vested in said Martha J. Smith, and dismissing the complaint as to such premises, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Frank Brundage, for appellant.
H. C. Day, for respondents.

ADAMS, J. The plaintiff seeks by this action to have certain premises situate in the towns of Cheektowaga and Tonawanda, Erie county, the legal title to which is in the defendant Clara S. Balcom,

as the residuary devisee of one Martha J. Smith, deceased, adjudged
to be the property of the plaintiff, and to have been held in trust
for him by Mrs. Smith at the time of her death.    Upon the trial it
was conceded that the plaintiff was entitled to a conveyance of the
Cheektowaga lands, and consequently the only question which it will
be necessary to consider upon this review is that which is involved
in the plaintiff's claim to the Tonawanda premises.    The facts upon
which this claim is founded are apparently free from controversy,
and, as established by the judgment appealed from, they are in sub-
stance these, viz.:  In June, 1886, the plaintiff became the owner of
a house and lot in the city of Buffalo, the purchase price of which,
including some personal property, was $10,500.    After making such
purchase, the plaintiff obtained possession of the premises, and con-
tinued in the occupation thereof until the fall of 1886, when he re-
moved to Ithaca, in this state; but, before leaving Buffalo, he entered
into an oral agreement with one Philo A. Balcom, who is his cousin,
and the son-in-law and business partner of his uncle, George W.
Smith, by the terms of which Balcom was to lease, and as soon as
possible thereafter sell, these premises, for the plaintiff.    Subse-
quently, and on the 19th day of October, 1887, at the request of Bal-
com, and upon his representation that it would facilitate the sale of
the premises, the plaintiff and his wife executed a deed thereof to the
defendant George W. Smith.    There was no consideration paid by
either Smith or Balcom for the transfer of the property, and the deed
thereof was executed and delivered for the sole purpose of enabling
Balcom to effect a sale of the premises therein described.    Shortly
thereafter a sale was effected, and, at the request of the plaintiff,
George W. Smith conveyed the house and lot to John Thomas, the
purchaser.    In part payment of the purchase price, Thomas, at the
request of the defendant Smith, assigned to Martha J. Smith, then
the wife of George W. Smith, a half interest in a certain mortgage,
which, with the consent of all parties interested, was afterwards ex-
changed for a mortgage of $2,420.25, on lands in Tonawanda; Martha
J. Smith taking title to this last-mentioned mortgage by assignment
from one Frank F. Williams.    Subsequently, Martha J. Smith, at the
request of the plaintiff, assigned the $2,420.25 mortgage to the Buffalo
Loan, Trust & Safe-Deposit Company, as collateral security for the
plaintiff's note of about $1,000.    At the time this mortgage was as-
signed, it was agreed by and between George W. Smith, Philo A.
Balcom, the plaintiff, and the Buffalo Loan, Trust & Safe-Deposit
Company that the mortgage should be immediately foreclosed, and
that the property covered by it should be purchased in the interest and
for the benefit of the plaintiff.    In pursuance of this agreement, the
mortgage was thereupon foreclosed, and upon the foreclosure sale
the mortgaged property was bid in by George W. Smith, at the re-
quest of the plaintiff; but, as his firm was financially embarrassed
at that time, the purchase was made and the title taken in the name
of his wife, Martha J. Smith.    After the sale had been consummated,
and while the title to the premises was in Martha J. Smith, she, at
the request of the plaintiff, executed a mortgage upon the premises as
security for the amount owing by the plaintiff to the company upon

the note theretofore given by him. Thereafter, and on the 11th day of October, 1894, Martha J. Smith died, leaving a last will and testament, of which the defendants, George W. Smith and Clara S. Balcom, are the executors, with full power to convey any and all property of which the testatrix died seised. After having duly qualified, the executors were requested by the plaintiff to convey to him the premises in question; but this they declined to do, and the present action was thereupon brought.

The theory upon which the plaintiff seeks to recover is that Martha J. Smith took the title to the premises which were conveyed to her, in the manner hereinbefore detailed, impressed with all the existing equities in favor of the plaintiff which resulted from the agreement theretofore entered into between him and the defendant George W. Smith, that the latter should take the premises simply as trustee for the former, to the end that a sale might be made more easily and to better advantage. It was held, however, by the learned trial court, that the plaintiff's contention could not be sustained without violating section 51 of the statute of uses and trusts, which section reads as follows, viz.:

"Where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section." 1 Rev. St. p. 728, § 51.

It is probably true that the grant of the premises in question to Martha J. Smith was made for a consideration paid by the plaintiff; that is, they were sold upon the foreclosure of a mortgage which, although purporting to belong to the nominal purchaser, was in fact the property of the plaintiff. As to this there is no dispute whatever, and we fail to find anything in the record which shows that Martha J. Smith had the slightest equity in these premises. She paid nothing for them. She expended nothing upon them. She was simply the medium, and undoubtedly the conscious and willing medium, through which the agreement between her husband and the plaintiff was effected. There is no pretense that this trust was created to hinder or delay the plaintiff's creditors, or for any purpose which was not entirely legitimate; and the learned trial court has expressly found that Mrs. Smith took the title to the mortgage, which furnished the consideration for the premises purchased by her at the foreclosure sale, at the request of her husband and Balcom, and with the understanding upon her part that she was taking the assignment of the same as trustee for the benefit of the plaintiff. To permit her or her representatives, under these circumstances, to invoke the aid of the statute in the perpetration of a wrong which falls but little. if any, short of a gross fraud, will be putting the statute to a very different use from the one designed by its framers. It has been repeatedly held that a court of equity will not permit the statute of frauds to be used as an instrument of fraud, and also that the section upon which the decision of the trial court rests has no application to a case where equities have arisen out of the agreement of the parties. Ryan v. Dox, 34 N. Y. 307; Carr v. Carr, 52 N. Y. 251–261; Robbins

v. Robbins, 89 N. Y. 251; Wood v. Rabe, 96 N. Y. 414; Bitter v. Jones, 28 Hun, 492; Gage v. Gage, 83 Hun, 362, 31 N. Y. Supp. 903. This, as we have seen, is clearly a case belonging to the latter class, and it therefore, as we think, falls within the rule above stated, and is one in which a court of equity is called upon to exercise its remedial jurisdiction.

So much of the judgment as is appealed from should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.