SMITH v. BALCOM et al.

(Supreme Court, Appellate Division, Fourth Department.   December 29, 1899.)

APPEAL AND ERROR—HARMLESS ERROR—SUBSTANTIAL JUSTICE.

Where substantial justice does not require it, an appellate court will not grant a new trial on errors in ruling of the lower court, such refusal being authorized by Code Civ. Proc. § 1003, which provides that errors in the rulings of the lower court "may, in the discretion of the court which reviews it, be disregarded, if that court is of opinion that substantial justice does not require that a new trial should be granted."

Appeal from special term, Erie county.

Action by Reuben L. Smith against Clara S. Balcom and others. Judgment for plaintiff, and defendants appeal.   Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Day & Romer, for appellants.

Frank E. Sickels and Frank Brundage, for respondent.

HARDIN, P. J.   The facts and general features of the case quite fully appear in the report of our decision upon a former appeal, found in 24 App. Div. 437, 48 N. Y. Supp. 487.   In the opinion delivered by Mr. Justice Adams on that occasion, the right of the plaintiff to maintain this action is quite fully asserted, and in support of the assertion numerous authorities are cited, and there is no further occasion to examine the questions of law stated in that opinion.

Apparently the trial judge, in guiding the trial now brought in review, intended to keep within the rules of law laid down by us on the former appeal.   The learned counsel for the appellants filed exceptions to his findings, and in their brief present for discussion and examination numerous rulings made at the special term, and, after a careful examination of the several rulings made, we are of the opinion that none of them present an error which requires us to interfere with the decision made by the special term.   This was an equity action, and we think the several exceptions presented by the appellants are sufficiently answered by the rule laid down in section 1003 of the Code of Civil Procedure.   In that section it is provided that "an error in the admission or exclusion of evidence, or in any other ruling or direction of the judge, upon the trial, may, in the discretion of the court which reviews it, be disregarded, if that court is of opinion that substantial justice does not require that a new trial should be granted."   We are of the opinion that substantial justice does not require that a new trial should be granted by reason of any of the rulings made that are now found in the appeal book before us.   The vital question to be determined upon this appeal is whether the special term "pronounced the proper judgment upon the competent evidence" before it.   Schenck v. Dart, 22 N. Y. 420; Forrest v. Forrest, 25 N. Y. 501; Clapp v. Fullerton, 34 N. Y. 190. We are of the opinion that the result at the special term was in accordance with equity and justice.

Judgment affirmed, with costs.   All concur.