(86 App. Div. 470.)

### JACKSON et al. v. WALTERS.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. DOWER—VESTED REMAINDER—CONVEYANCE TO LIFE TENANT.
   Devisees of a vested remainder, expectant on an estate for life, who conveyed their interest in the lands devised to the owner of the life estate, were never seised of an estate of inheritance therein, as required by 1 Rev. St. (1st Ed.) p. 740, pt. 2, c. 1, tit. 3, to enable their respective wives to acquire dower right therein.

Submission of controversy on agreed statement of facts, under Code Civ. Proc. § 1279, between Edgar Jackson and another, as executors of Mary M. Post, deceased, and another, and Valentine G. Walters. Judgment for plaintiffs.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Clinton T. Roe, for plaintiffs.
Albert D. Haff, for defendant.

WOODWARD, J. This case comes here upon an agreed state of facts. The plaintiffs and the defendant have entered into a written contract for the sale of certain premises described in the agreed statement of facts. The defendant declines to complete the purchase, on the ground that there is an existing cloud upon the title offered, growing out of the following condition: Samuel C. Post was the original owner of the premises in dispute. He died on the 15th day of November, 1872, seised and possessed of the same. He left a last will and testament, which was duly admitted to probate, whereby he devised the said premises to his wife, Mary M. Post, for life, and at her death to be divided equally between his four children, Asa J. Post, Mary Louise Post, Samuel C. Post, Jr., and Frederick S. Post. Mary Louise Post died before the death of the testator, unmarried and intestate, while Mary M. Post and the three other children survived him. Asa J. Post died August 16, 1895, leaving a will, which has been duly admitted to probate, whereby he appointed the plaintiff Mary A. Post executrix thereof, with a full power of sale, and the said Mary A. Post has duly qualified as such executrix, and letters have been issued to her. On the 29th day of April, 1896, Samuel C. Post, Jr., and Frederick S. Post conveyed to their mother, Mary M. Post, widow of Samuel C. Post and owner of the life estate, all their right, title, and interest in and to the said premises so devised by Samuel C. Post, their father, to his widow, with remainder to them

¶ 1. See Dower, vol. 17, Cent. Dig. § 63.

and their brother, Asa J. Post. The wives of Samuel C. Post, Jr., and Frederick S. Post, both of whom were married at that time, and both of whom are still living, did not join in this conveyance, and subsequently, and on the 2d day of October, 1897, the marriage between Samuel C. Post, Jr., and Rebecca S. Post was dissolved at the suit of the latter. Mary M. Post, widow of Samuel C. Post, and life tenant under the latter's will, and grantee from Samuel C. Post, Jr., and Frederick S. Post, died January 2, 1901, leaving a will, which has been duly admitted to probate, appointing the plaintiffs Augusta L. Wilson and Edgar Jackson her executors, with full power of sale. The executors thus appointed, and jointly with the plaintiff Mary A. Post, executrix of the will of Asa J. Post, have contracted to sell the described premises to the defendant, who has refused to complete his purchase, upon the ground that the wives of Samuel C. Post, Jr., and Frederick S. Post have an inchoate right of dower in the said premises.

It was held in Durando v. Durando, 23 N. Y. 331, cited with approval in House v. Jackson, 50 N. Y. 161, and never questioned, so far as we are able to discover, that a widow is not dowable of land in which her husband has only a vested remainder, expectant upon an estate for life, and, Samuel C. Post, Jr., and Frederick S. Post having conveyed their interest to the owner of the life estate, they were never seised. of an estate of inheritance during the marriage, as required by 1 Rev. St. (1st Ed.) p. 740, pt. 2, c. 1, tit. 3, and their respective wives never had any interest in the premises sought to be conveyed. It follows, necessarily, that the plaintiffs should have judgment directing the defendant to complete his purchase under the terms agreed upon.

Judgment for the plaintiffs upon the terms of the contract of sale agreed upon, without costs to either party. All concur.