### RUSSELL v. WALES.

(Supreme Court, Appellate Division. Fourth Department.   May 1, 1907.)

1. VENDOR AND PURCHASER—TITLE OF VENDOR—SUFFICIENCY.

A vendor, in a contract for the sale of real estate which stipulated for the furnishing of an abstract showing good title, tendered to the purchaser an abstract showing a judgment against the vendor's grantor, docketed in 1897, after the grantor's conveyance to the vendor, and that the judgment had been canceled by a decree in bankruptcy in favor of the grantor. No attack had been made on the grantor's conveyance for 10 years.   *Held*, that the abstract showed good title, authorizing the vendor to compel specific performance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 238.]

2. SAME.

A vendor, in a contract for the sale of real estate which stipulated that he should furnish an abstract showing good title, furnished an abstract which showed a conveyance to him from a grantor, without showing that the grantor's wife joined therein.   It appeared that the grantor had a wife two years later, but there was nothing to show that he had a wife at the time of the conveyance.   *Held* that, as it could not be assumed that the grantor had a wife entitled to dower in the property at the time he executed the conveyance to the vendor, the title was sufficient to enable the vendor to compel specific performance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 238, 254.]

3. DOWER—ESTATES SUBJECT TO DOWER.

A wife of one having a vested remainder in real estate expectant on the estate for life of another is not entitled to dower therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dower, § 63.]

Williams, J., dissenting.

Appeal from Equity Term, Steuben County.

Action by Sally Ann Russell against William A. Wales.   From a judgment in favor of defendant, dismissing the complaint (100 N. Y. Supp. 785), plaintiff appeals.   Reversed, and new trial granted.

The action was commenced on the 8th day of August, 1906, to compel specific performance of a written contract for the sale of land.   The complaint set out the contract, alleged performance or offer to perform by the plaintiff, and refusal by the defendant to perform.   The answer alleged in substance that the plaintiff had not complied with the terms of the contract, because the title to the premises, as shown by the search delivered to the defendant, was not such as is required by the contract.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS. KRUSE, and ROBSON, JJ.

J. W. Russell, for appellant. .
Warren W. Oxx, for respondent.

McLENNAN, P. J.   The contract entered into by the parties is dated the 20th day of June, 1906, was executed that day, and is made a part of the complaint.   It provides in substance that the plaintiff agrees to sell to the defendant the premises therein described, consisting of a farm in the town of Howard, county of Steuben, for the sum of $3,500.   The defendant agreed to purchase the same and to pay the purchase price as follows:   To pay all mortgages and other liens on said farm, with accrued interest thereon, not exceeding $3,500, and, in case said mortgages and liens with accrued interest did not amount to the sum of $3,500, to pay the balance thereof to the plaintiff. The plaintiff agreed that, upon such payment being made by the defendant, she would execute and deliver to him a good and sufficient warranty deed conveying said premises free and clear from all rights of dower or inchoate rights of dower.   It was further provided in said contract as follows:

"The several sums of money constituting the purchase price shall be paid upon the delivery to the second party of an abstract of title of said premises, delivered within 20 days hereafter, showing a good and satisfactory title in the first party, and that the liens thereon do not exceed the sum of $3,500, and, shall they exceed said sum, this contract shall be void and of no effect. Said party of the first part also agrees to furnish to party of the second part, at the time of the delivery of said deed, a full and complete search and abstract of the. title of said premises down to delivery of said deed, covering at least back to the title of Joel Russell, deceased, years prior thereto, duly certified by the clerk of Steuben county, N. Y.   Said party of the second part also agrees to pay all taxes and assessments that shall be taxed or assessed on said premises from the date hereof until the said sum shall be fully paid, as aforesaid, and all taxes for the year 1906."

It was also mutually agreed that the defendant should have possession of the premises immediately upon the execution of the contract, he agreeing to keep the same in repair; the plaintiff reserving the right to declare the contract void and regain possession in case of defendant's failure to perform the conditions in the contract to be performed by him.

On the 9th day of July, 1906, and within the 20 days after the execution of such contract, specified as the time within which a search must be delivered to the defendant, "showing a good and satisfactory title in the first party, and that the liens thereon do not exceed the sum of $3,500," a search was delivered by the plaintiff to the defendant, which, it is claimed, satisfied the requirement of the contract in that regard.   The defendant received such search, but stated, in substance, that he would have it examined by counsel and determine whether or not it complied with the provisions of the contract.   The defendant did not in any manner inform the plaintiff as to his conclusion in that regard, and in no manner suggested that the search delivered to him was not in all respects satisfactory.   Thereafter, and on the 19th and 20th days of July, 1906, a warranty deed was executed . by the plaintiff, and concededly by all other parties having any interest in or title to the premises, conveying the same to the defendant,

subject to two mortgages, amounting in the aggregate to $2,300, with accrued interest, and on the 25th day of July the plaintiff notified the defendant that she was ready to give a conveyance of such premises. The defendant said, in answer to such suggestion, that he supposed the deal had fallen through because so much time had elapsed. The defendant then mentioned certain alleged defects in the search which had been delivered to him, and said, in substance, that owing to such defects he would not accept the title, and positively and unequivocally refused to proceed further in the transaction. He mentioned the Brundage judgment, which will be hereinafter referred to, and said that, owing to it, he would not accept the title. Thereafter, and within a few days after such transaction, the plaintiff tendered to the defendant a warranty deed of the premises in question, which concededly, if accepted, would have conveyed to him a perfect title to the premises in question, free from all incumbrances except the mortgages which he had agreed to assume as a part of the purchase price. He refused to accept such deed or to pay the purchase price specified in the contract, and thereupon this action was brought.

It will be seen that the grounds upon which the defendant refused to complete his contract for the purchase of the premises in question are purely technical, because he was tendered a deed, which, if accepted, would have vested in him the absolute title to such premises, free and clear of all liens and incumbrances except those which he assumed to pay as a part of the purchase price; and the only excuse which he offers for nonperformance of the contract entered into by him is that the search required to be delivered within the 20 days after the execution of the contract, which may almost be considered as a preliminary step in the proceedings, was not strictly as required by such contract. We think that, strictly speaking, such search did fully comply with the terms of such contract. The criticism of it is that it showed a judgment in favor of one Brundage against Joel W. Russell for $2,218.88, recovered and docketed September 15, 1897, which concededly, if added to the other incumbrances and liens, would amount to more than $3,500. But it appeared that prior to the recovery of such judgment said Joel W. Russell, under date of September 13, 1897, had conveyed all his interest in said premises to the plaintiff in this action. Such deed was not recorded until May 22, 1899. It is elementary that an unrecorded deed takes precedence over a subsequently docketed judgment, so that upon the face of the search there was nothing to indicate that such judgment was a lien upon the premises in question. But, in addition, it appeared that, when the deed was tendered, such judgment against Joel W. Russell had been canceled and discharged by a decree in bankruptcy entered in his favor. We think it unreasonable to hold that a judgment docketed against Joel W. Russell on the 15th day of September, 1897, constituted a lien upon the premises in question, when he had conveyed the same to the plaintiff two days previous to the entry of such judgment, and where no attack had been made upon such transfer during that time, and especially where it appeared that, when the deed in question was tendered, such judgment had been discharged of record and as a claim against said Joel W. Russell.

It is also insisted that the search delivered to the defendant was defective because it did not show that the wife of Joel W. Russell joined in the quitclaim deed executed by him to the plaintiff in 1897. So far as appears by the search at that time, Joel W. Russell had no wife. It appears that he did have a wife in 1899; when he assumed to execute the mortgages shown upon such search; but we know of no principle upon which it can be assumed, by reason of the fact that such mortgages were executed in the manner indicated, that Joel W. Russell had a wife who had a dower interest in his real property at the time the deed was executed and delivered to his mother in 1897. But the defendant is not compelled to depend upon the maintenance of that proposition, which may be somewhat technical, because the wife of Joel W. Russell had no dower interest in the lands in question. The interest of her husband was but a vested remainder, expectant upon the estate for life of his mother. Durando v. Durando, 23 N. Y. 331; House v. Jackson, 50 N. Y. 161; Jackson v. Walters, 86 App. Div. 470, 86 N. Y. Supp. 696. It is undoubtedly true that, if a purchaser who intended to take title to property knew that such dower interest of the wife existed and that she had not or would not release the same, that would be a sufficient reason for refusing to complete such purchase; but in this case concededly, by the deed which was tendered to the defendant, all such dower rights of the wife of Joel W. Russell, if any existed, were transferred and conveyed to the defendant. Therefore, technically, we conclude that the search presented to the defendant within the 20 days specified in the contract showed an absolute and perfect title in the plaintiff and that there were not mortgages or liens against the property in excess of $3,500; and that the additional judgment of $2,218.88 against Joel W. Russell, who at one time owned the remainder of the premises in question, did not constitute a lien against such premises, and that the fact that the wife of Joel W. Russell joined in making a mortgage upon such premises in 1899 did not indicate that he had a wife who was entitled to dower in the same in 1897, when he assumed to convey to the plaintiff his interest in the premises.

We the more readily reach this conclusion because, as we have seen, when the deed of the premises was tendered to the defendant, it is undisputed that the judgment against Joel W. Russell had been discharged and satisfied, and that the wife of Joel W. Russell joined in the deed which was thus tendered to the defendant. It is apparent that the defendant sought to be relieved from the terms of the contract which he had entered into solely because of technicalities. That he was tendered a deed which conveyed to him an absolute and perfect title to the farm is not questioned. He seeks to evade performance of the obligation assumed under such contract on his part because of certain alleged defects in the search originally delivered to him, and his reason for nonperformance of the contract is based solely upon such alleged defects. We conclude that the search presented within the 20 days specified in the contract was in substantial compliance therewith, and that the defendant, not having objected to the same until the deed of the premises was tendered which gave him all that he had purchased, ought not to be heard to say that the original search was not

in terms as required by the contract, even if such were the fact. To state the contract in plain English, the defendant agreed to pay $3,500 for the premises in question in case he was given good title to the same. Such good title was tendered to him, but he refused to pay and complete his purchase, because, as alleged, a preliminary search required to be delivered to him under the contract did not show that plaintiff could convey such good title. We think such preliminary search conformed to the requirements of the contract, that the plaintiff performed all other conditions imposed thereby upon her, and that the defendant, without reasonable cause or excuse, seeks to avoid his obligations thereunder. It follows that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur, except WILLIAMS, J., who dissents.