(72 Misc. Rep. 190.)

### HAMLIN v. ARBOLINO et al.

(Supreme Court, Special Term, New York County. May, 1911.)

BANKRUPTCY (§ 181*)—FRAUDULENT CONVEYANCE—EVIDENCE.

Where real property is purchased with funds of the husband and wife, but the wife permits the husband to take title in his own name and use it as foundation for his qualification as surety on an excise bond, and thereafter he conveys it to her without consideration, leaving himself insolvent, his trustee in bankruptcy may recover the property in behalf of the creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 181.*]

Action by Arthur S. Hamlin, as trustee in bankruptcy of Nicola Arbolino, against Nicolo Arbolino and others, to set aside a conveyance. Judgment for plaintiff.

Edward B. Boise, for plaintiff.

Rosenberg & Hahn and Abraham H. Sarasohn, for defendants Arbolino.

Leo Schafran, for defendants Tessitore.

GUY, J. This is a judgment creditor's suit by the plaintiff as trustee in bankruptcy of Nicola Arbolino to set aside a deed executed by the said Nicola Arbolino to his wife, Consiglia Arbolino, on July 22, 1908, upon the ground that the same is fraudulent as to creditors. The defendant Arbolino and his wife purchased the property upon which the husband subsequently justified as bondsman, title thereto being taken in the husband's name, with the joint earnings and savings of both husband and wife. It is impossible to give the amount of the relative shares of contribution, but the wife's share was substantial.

At the time the husband went on the excise bond he swore that he owned the property, and the bond was approved and accepted on the strength of his affidavit. Shortly before the violation of the bond occurred, and prior to the judgment obtained against him on said bond, and the issue and return unsatisfied of an execution issued on said judgment, the husband transferred the property to the wife for a nominal consideration. Notwithstanding his affidavit that he owned the property at the time he justified as surety, he, the husband defendant, testified at the trial that his ownership was only nominal; that his wife contributed the entire purchase money. The wife knew the title was to be taken, and was actually taken, in the husband's name, and consented thereto. She put him in the position to justify on the bond as he did, and, unless he had at the time of the transfer to her enough other property to satisfy the bond, she is estopped from claiming his ownership was a mere sham. Trenton Banking Co. v. Duncan, 86 N. Y. 228; Bank of Batavia v. New York, L. E. & W. R. R. Co., 106 N. Y. 195, 12 N. E. 433, 60 Am. Rep. 440; McNeil v. Tenth Nat. Bank, 46 N. Y. 325, 7 Am. Rep. 341. Contingent liabilities are debts (Young v. Heermans, 66 N. Y. 375, 384), and as such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

are entitled. to protection of the law. The wife admits she knew her husband was insolvent. Where A. puts B. in a position to defraud C., A. should suffer the consequences, and not C. Hirsch v. Norton, 115 Ind. 341, 17 N. E. 612; Sloan v. Huntington, 8 App. Div. 93–96, 40 N. Y. Supp. 393.

The deed should be set aside and canceled in favor of the plaintiff as trustee in bankruptcy, and this action as against the mortgagee defendants should be dismissed, with costs. Submit proposed judgment and decision on notice. Findings passed upon.

Judgment accordingly.