J. ALBERT GAUSMAN, Respondent, v. PAUL W. F. LINDNER and Another, Appellants, Impleaded with Another.— Judgment affirmed, with costs. The facts in this case are different from those in *Lathrop v. Hoyt* (7 Barb. 63) and *Bauman v. Holzhausen* (26 Hun, 505) in the essential particular that defendant, having paid the sum of $750 on the purchase price of the property when the same was bid in by Reifschneider for him, had a direct interest in the property, and was entitled in equity to the referee's deed upon completing payment of the purchase price, whereas in neither of the cases cited had the plaintiff any interest in the property which was purchased by defendant on the foreclosure, for plaintiff's interest was cut off by the

decree. The defendant in this case, through Reifschneider, assigned this bid to the plaintiff, and a reading of the evidence shows plainly that the intent of the parties was that this assignment should be as security for the amount of money advanced by plaintiff to complete the purchase, and that defendant agreed to repay this amount within eight months, and the plaintiff to reconvey the property. We think this was the purport of the findings of fact made by the trial judge; but to remove any question upon this point, this court finds as a fact that defendant paid the sum of $750 to the referee upon the bid made in his behalf by Reifschneider, and through Reifschneider assigned the bid to the plaintiff as security for the repayment of the amount which he should advance to the referee on completing the purchase and receiving the referee's deed, and that plaintiff should hold the said property as security for such sum; that defendant agreed to repay the same to the plaintiff within eight months, and the plaintiff thereupon agreed to reconvey the property to the defendant. The effect of this transaction was to create a mortgage upon the property, and the referee's deed to the plaintiff thereupon became a mortgage to secure repayment of the $2,750 which he advanced to the referee, with interest. (*Mooney* v. *Byrne*, 163 N. Y. 86; *Horn* v. *Keteltas*, 46 id. 605.) The judgment in this case is practically a judgment for foreclosure of this mortgage, and was properly rendered. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.