ADELINE WIDMAYER, Respondent, *v.* FRANK WARNER, Defendant, Impleaded with ARTHUR G. HUMPHRIES, Appellant.

Second Department, May 21, 1920.

Mortgages — deed absolute from vendor to person loaning money to purchaser under oral agreement that deed was to be security — grantee as mortgagee — resulting trusts — transaction not resulting trust within section 94 of Real Property Law.

One who loans money to another to buy real property and takes the deed to the property in his own name for the purpose of security is chargeable as a mortgagee of the property belonging to the one to whom the money was loaned, though the agreement relating to the loan and security was oral.

Under these circumstances section 94 of the Real Property Law relating to resulting trusts has no application, for that statute does not interfere with other equities and rights existing independent of or in connection with the payment of the purchase price of property; it precludes no one from asserting title against one who has thus taken a conveyance for a lawful and specific purpose, and attempts to retain the property in violation of the arrangement and agreement under which he has acquired the formal title, in fraud of the real owner and against equity and good conscience.

APPEAL by the defendant, Arthur G. Humphries, from an order of the Supreme Court, made at a Special Term held in the county of Kings, for the county of Nassau, and entered in the office of the clerk of the county of Nassau on the 5th day of April, 1920, denying the said defendant's motion for judgment on the pleadings.

*Abraham Rosenstein,* for the appellant.

*Abraham Rosenbluth,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice KAPPER at Special Term.

JENKS, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ., concur.

The following is the opinion delivered at Special Term:

KAPPER, J.:

The legal effect and fair intendment of the allegations of the complaint show a loan by the defendant Humphries to the plaintiff of $1,000 and the taking of a deed by him in his name of the property foreclosed, of which the plaintiff had been the owner, as security for that loan, and that upon the plaintiff's offer of the $1,000 so loaned said defendant refused to accept the same and maintained that the deed was absolute. This agreement, according to the bill of particulars, which is invoked upon this motion, was oral. Assuming the bill of particulars to be a subject of consideration on this motion as constituting a part of the complaint, I do not think that the defendant's motion for judgment on the pleadings should be granted. The complaint can and should be sustained. It was the plaintiff's money which effected the purchase, for it was loaned to her by the defendant Humphries. Under such circumstances said defendant, charged as he is with taking the deed in his own name as security for the money advanced, must be chargeable as a mortgagee of property belonging to the plaintiff. Such being the case, section 94 of the Real Property Law relating to resulting trusts does not apply. That statute has repeatedly been held not to interfere with other equities and rights existing independent of or in con-

nection with the payment of the purchase price of the property. What the statute abolishes is a common-law trust for the benefit of an individual from whom the consideration of a grant issues, and resulting from the fact of payment of the consideration, and having no other foundation. " It bars no other equity and precludes no one from asserting title against one who has thus taken a conveyance for a lawful and specific purpose, and attempts to retain the property in violation of the arrangement and agreement under which he has acquired the formal title, in fraud of the real owner and against equity and good conscience." (*Carr* v. *Carr*, 52 N. Y. 251, 260.) As was further said in the case cited (p. 261): " Giving this grant * * * the effect intended by the parties, as we must under the established rule, it was but a mortgage and does not come within the statute abolishing resulting trusts." (See, also, *Gausman* v. *Lindner*, 185 App. Div. 893; *Gage* v. *Gage*, 83 Hun, 362; *Smith* v. *Balcom*, 24 App. Div. 437; *Horn* v. *Keteltas*, 46 N. Y. 605.) *Woolley* v. *Stewart* (222 N. Y. 347) presented the case of an absolute conveyance with an oral promise to reconvey to the grantor, and, as I read it, nothing more than that was proved. Support for this action is also found in *Wood* v. *Rabe* (96 N. Y. 414). There, as here, when the agreement was made to take title and to reconvey, the plaintiff had an interest in the land, and the relinquishment of that interest in reliance upon the promise to reconvey, coupled with a forbearance to take any other steps to protect the plaintiff's interest, was held in the *Wood* case to be ample consideration for the agreement and to take the case out of the operation of the statute. I think the action should be decided after trial upon the merits and not upon the papers now before the court. Motion denied, with ten dollars costs.