ADOLPHINE W. WHITAKER, Plaintiff, *v.* JAMES O. WESTBERG and Another, Defendants.

Supreme Court, Kings County, March 17, 1925.

Trusts — constructive trusts — action to impress trust upon real property — plaintiff conveyed property to defendant under apprehension that her husband would compel its transfer to him — conveyance made on oral promise that property would be returned upon demand — property in possession of plaintiff who collected and retained rents and made repairs though title was in defendant — agreement to return property to plaintiff enforcible though oral — imposition of trust upon parcel conveyed to defendant from third person not barred by Real Property Law, § 94 — action not barred by ten-year Statute of Limitations.

An oral agreement to convey an estate or interest in real property is enforcible in equity, where there have been acts of part performance of the agreement which were definite and certain and which were in part performance of the complete agreement and do not admit of explanation without reference to the oral contract. Under such circumstances, equity will not permit the Statute of Frauds to work a wrong.

Accordingly, plaintiff is entitled to judgment in an action in equity to impress a trust in her favor upon certain parcels of real property conveyed to the defendant at a time when the plaintiff was in great fear that her husband would take her property from her, where it appears that the conveyance was made to defendant upon an oral promise that the property would be reconveyed to her upon request; and that, though the title was in the defendant, the plaintiff always collected and retained the rents, made all necessary repairs, paid all taxes and insurance charges, and has been in actual possession of a part of the property from the time she conveyed it to the defendant.

The imposition of a trust in plaintiff's favor upon a parcel of realty conveyed to defendant directly from a third person is not barred by reason of the provisions of section 94 of the Real Property Law, since the said statute read in connection with section 270 of the Real Property Law does not bar a trust predicated upon other equities between the parties.

Plaintiff's action is not barred by the ten-year Statute of Limitations, since her cause of action accrued on the occasion of the first renunciation and repudiation of the agreement by the defendant which was on February 12, 1924.

ACTION to impress a trust upon real property.

*Robert H. Elder,* for the plaintiff.

*Hieronimus A. Herold,* for the defendants.

HAGARTY, J.:

In this action, plaintiff, who is now more than eighty years of age, demands judgment impressing a trust in her favor upon the real property described in the complaint, and directing the defendant Mary F. Westberg to convey the property to her. Plaintiff and defendant James O. Westberg are aunt and nephew, and

the defendant Mary F. Westberg, whose maiden name was Mary F. Thornhill, is James O. Westberg's wife. The property is in the name of Mary F. Thornhill.

Plaintiff was married the second time in 1901. Serious trouble arose between her and her husband in 1910, resulting in the husband's leaving for parts unknown after the institution of criminal proceedings against him. During this period the plaintiff was the owner of the premises No. 46 Barrow street and No. 21 King street, Manhattan, now involved in this litigation. Before leaving, the husband had attempted to obtain possession of the property and by force to compel plaintiff to deed it to him. The parties to this action were then on very friendly terms. By deeds dated April 21, 1911, and recorded July 16, 1912, the real estate mentioned was conveyed to the defendant Mary F. Westberg, in her maiden name, Mary F. Thornhill. The other property involved, Nos. 170 and 172 Van Sicklen street, Brooklyn, was acquired on the 27th day of September, 1911. The purchase price was paid by the plaintiff and title taken in the name of Mary F. Thornhill. This property constitutes practically all of plaintiff's estate. Shortly after the purchase of the Brooklyn property, the plaintiff moved to it from No. 21 King street, Manhattan, and has since occupied it. Plaintiff has always collected and retained the rents, made all necessary repairs, paid all overhead charges and expenses incidental to maintenance, including taxes and insurance, and has been in actual possession of a part of the property all the time. At one time, defendants paid to her rent for the garage on the Brooklyn property.

Plaintiff, among other things, charges fraud. She charges that she was induced to place the property in the name of the defendant Thornhill by false representations that her husband would return and compel her to transfer it to him, when in fact there was no danger of his return, because he had been arrested, forfeited a $20,000 bail bond, and a warrant had been issued for his arrest; that because of her weakened condition at the time she believed this and made the transfer upon the oral promise that the property would be returned upon demand. Upon the evidence, I reject the fraud theory. I find, however, that at the time of the conveyance the plaintiff was in great fear that, in some manner, her husband would take her property from her; that, because of the close and intimate relationship existing between the parties, the plaintiff had faith and confidence in the defendants and had placed the title to all her real estate in the name of Mary F. Thornhill, upon the oral promise that it would be reconveyed to her upon request, if she saw fit to demand its return. The use of the name " Thornhill "

is very significant, and supports plaintiff's contention that she arranged that her husband could never trace the title. The husband did not know this name and could not appreciate the significance of the transaction.

While the general rule is that an oral agreement to convey an estate or interest in real property is " nugatory and unenforcible," there is an exception which is as well established as the rule itself. Where there have been acts of part performance of an oral agreement to convey which are " clear, certain and definite " and which are in part performance of a complete agreement, and do not admit " of explanation, without reference to the alleged oral contract," that is, where they are " solely and unquestionably referable " to such contract, equity will grant relief on the ground that it will not permit the statute to work a wrong. (*Woolley* v. *Stewart*, 222 N. Y. 347, 351, 353.) In the case cited the acts did not fall within the exception because they did not tend to prove that plaintiff's decedent had at any time after the conveyance " the possession of or the right to possess the property; that he controlled, managed or claimed or exercised authority or proprietorship in regard to it; that he paid for any repairs or improvements or expended any money because of it or collected anything on account of it or that he claimed or owned any interest or estate in it." Here each of these elements is conclusively proven. At no time did the defendants make any claim to the property or the rents thereof prior to a disagreement arising from defendants' refusal to execute a mortgage, which was followed immediately by this action. Sufficient authority for the granting of the relief here demanded is *McKinley* v. *Hessen* (202 N. Y. 24). In that case, as here, the plaintiff had personal reasons for not wishing to appear as the record owner, and he took title in the name of his sister, the defendant, under an oral agreement for the conveyance, and paid the carrying charges, in taxes and insurance, and paid for the repairs and improvements. (See, also, *Jeremiah* v. *Pitcher*, 163 N. Y. 574; *Canda* v. *Totten*, 157 id. 281; *Sinclair* v. *Purdy*, 235 id. 245; *Burns* v. *McCormick*, 233 id. 230; *Wood* v. *Rabe*, 96 id. 414.)

With respect to the Van Sicklen street transaction, where the conveyance was made direct from a third person, section 94 of the Real Property Law, reading " and no use or trust results from the payment to the person paying the consideration " must be read in connection with section 270. Section 94 was only intended to abolish the common-law trust resulting from the mere fact of the payment of the consideration by one person and the taking of the title in the name of another, and based upon no other equities. It bars no trust based upon other equities between the parties.

(*Carr* v. *Carr*, 52 N. Y. 251; *Smith* v. *Balcom*, 24 App. Div. 437.) The action is not barred by the ten-year Statute of Limitations. The first renunciation and repudiation of the agreement by the defendant was on February 12, 1924. It was then that this cause of action accrued. (*Woolley* v. *Stewart, supra.*)

Judgment·for the plaintiff.