LIFE SAVERS' CLUB, INC., Plaintiff, v. ———— MOSHER, Defendant.

Supreme Court, Richmond County, April 27, 1925.

Vendor and purchaser — specific performance — oral agreement for conveyance of real property upon which plaintiff's predecessor had erected club house with owner's permission — taxes and interest paid by plaintiff's predecessor on sale of parcel — said acts do not constitute part performance of oral contract to convey under Statute of Frauds (Real Prop. Law, § 242).

Specific performance of an oral agreement to convey real estate, upon which plaintiff's predecessor had erected, with the defendant owner's permission, a portable club house, will not be decreed though plaintiff's predecessor on the sale of the premises by the defendant to a third party and reconveyance by him to the defendant, paid the taxes and interest on the purchaser's investment and made repairs, since said acts do not constitute such part performance of an oral contract to convey as will take the transaction out of the Statute of Frauds (Real Prop. Law, § 242).

ACTION for specific performance of oral agreement to convey real property.

*Ernest V. Frerichs* [*Elias Bernstein* of counsel], for the plaintiff.

*Clarence C. Ferris*, for the defendant.

Supreme Court, April, 1925.          [Vol. 125

HAGARTY, J.:

In this action the plaintiff seeks to compel specific performance of an oral agreement to convey real property. In the year 1910 or 1911 the plaintiff's predecessor, an unincorporated association, received permission from the Ziegler estate to erect a clubhouse upon its property on the beach at Tottenville, Richmond county. The clubhouse was built in 1912. The clubhouse is a frame building, built upon blocks, is movable, and consists of one large room. The building has been improved by the erection of a portable stage, the installation of electric lights, and necessary repairs have been made from time to time. Early in 1920 Henry S. Mosher, defendant's husband and predecessor in title, agreed to purchase, and did purchase, the property upon which the clubhouse stood, and further agreed orally to convey it to the plaintiff upon its incorporation. The plaintiff was incorporated in July, 1922. On March 1, 1922, Mosher and defendant conveyed to a third party, who on the next day reconveyed it to the defendant. Taxes upon the property were paid by the plaintiff's predecessor for the years 1921 and 1922, and interest upon the sum of $1,050, the consideration paid by Mosher for the property, was paid to the commencement of this action. Insurance was carried in the name of Mosher. Henry Mosher died on September 11, 1922. After incorporation, demand for a deed was made and refused. It is plaintiff's claim that the defendant knew of the agreement; that the conveyance by Henry Mosher to the third party and by him to the defendant was for the purpose of avoiding the agreement; and that defendant took subject to the agreement.

In my opinion the Statute of Frauds (Real Prop. Law, § 242) is a complete defense. This case does not constitute an exception to the general rule that an oral agreement to convey an estate or interest in real property is " nugatory and unenforceable." (*Cooley* v. *Lobdell*, 153 N. Y. 596, 602; *McKinley* v. *Hessen*, 202 id. 24; *Woolley* v. *Stewart*, 222 id. 347; *Burns* v. *McCormick*, 233 id. 230, 233; *Sleeth* v. *Sampson*, 237 id. 69.)

" Where there have been acts of part performance of an oral agreement to convey which are ' clear, certain and definite ' and which are in part performance of a complete agreement, and do not admit ' of explanation, without reference to the alleged oral contract,' that is, where they are ' solely and unquestionably referable ' to such contract, equity will grant relief on the ground that it will not permit the statute to work a wrong." (*Whitaker* v. *Westberg*, 124 Misc. 556, HAGARTY, J.)

But the acts of part performance should clearly appear to be done solely with a view to the agreement being performed. If the

acts might have been done with other thoughts, it will not take the case out of the statute. An act which admits of explanation without reference to the alleged oral contract is not part performance. (*Wheeler* v. *Reynolds*, 66 N. Y. 227, 231.)

In the case under consideration the plaintiff's predecessor, with no more assurance than oral permission involved, erected its clubhouse upon another's land and continued merely at sufferance to the present day. After the purchase by Mosher, taxes and interest upon Mosher's investment were paid by plaintiff and its predecessor. These payments, however, are perfectly consistent with the theory that defendant received them by way of rent, and that they were so made. It appears affirmatively that the building is portable and may be removed, and that the repairs made by the plaintiff were necessary for its continued occupation. In my opinion the plaintiff's acts are susceptible of explanation without reference to the alleged oral contract to convey, do not refer exclusively to such an agreement, and are not part performance. Further, the plaintiff did not have such an interest in the property as would support this action under the rule laid down in *Ryan* v. *Dox* (34 N. Y. 307, 314); *Levy* v. *Brush* (45 id. 589, 596, 597); *Myers* v. *Grey* (122 N. Y. Supp. 1079, 1081); *Fletcher* v. *Manhattan Life Ins. Co.* (197 App. Div. 484, 488) and *Canda* v. *Totten* (157 N. Y. 281).

Judgment for the defendant, without costs. Let plaintiff submit proposed findings.