## UNITED STATES v. CERTAIN LANDS IN BOROUGH OF BROOKLYN, KINGS COUNTY, N. Y. (PARCEL NO. 6) et al.

### No. 464.

District Court, E. D. New York.

April 29, 1942.

Harry T. Dolan, Sp. Asst. to the Atty. Gen. (Edward H. Murphy, of Brooklyn, N. Y., of counsel), for petitioner-plaintiff.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, of Brooklyn, N. Y., of counsel), for petitioner-plaintiff as holder of certain liens.

Daniel McNamara, of Brooklyn, N. Y., for defendant George Meyers.

BYERS, District Judge.

The government has deposited $3,500 in the Clerk's office as the estimated value of damage parcel No. 6, and this is a motion for distribution.

The government claims the entire sum by virtue of four judgments which it recovered against John S. Wirsing, the record owner when each judgment was docketed in the office of the County Clerk of Kings County, namely:

| Date of Judgment | | Date of Filing in County Clerk's Office | | Amount |
|---|---|---|---|---|
| March | 3, 1939 | October | 20, 1939 | $1,500.00 |
| April | 18, 1939 | October | 29, 1939 | 1,500.00 |
| March | 3, 1939 | March | 15, 1940 | 1,500.00 |
| December | 12, 1939 | March | 15, 1940 | 1,500.00 |

Wirsing had justified as surety upon certain bail bonds given in this court, and a forfeiture having been declared as to four defendants, the judgments ensued as listed.

George Meyers, son-in-law of Wirsing, inherited the property from his mother who died intestate, prior to February 28, 1934; on that date he executed and delivered a deed to Wirsing, without consideration, which was duly recorded on May 17, 1934.

The record ownership continued in Wirsing until December 3, 1940, when a deed from him to Meyers, dated October 1, 1935, was recorded.

The declaration of taking title herein was filed on December 18, 1940.

Meyers claims the amount on deposit as the actual owner of this damage parcel.

Of the four judgments listed, it appears that but one, recovered April 18, 1939, and docketed October 29, 1939, resulted from the forfeiture of a bail bond in connection with which Wirsing justified as the owner of damage parcel No. 6. There were twenty-eight other bonds based upon similar justification, but forfeiture and resulting judgment ensued only as to this one, in which one Vito Bello was the principal.

According to the testimony, Meyers executed the 1934 deed to Wirsing, who was engaged in bail bond business, because Meyers had himself attempted to justify as surety in the Magistrates Court without success, because he could not produce a deed running to him of this property, since he had derived title through intestate succession to his mother. Apparently he thought, that by conveying to Wirsing and then getting a deed back from the latter after a brief interval of time, he would be in possession of the kind of instrument that would enable him to justify as surety, should the occasion arise. At least, that was his story on the witness stand. He said that he told Wirsing that, if the latter could make a few dollars while he held the record title, by justifying as owner of the property, Meyers had no objection.

The change in record ownership was not intended or treated by the parties as effecting any change in the actual ownership of the property, because Meyers continued to collect the rents, pay the taxes and insurance premiums, and make repairs and alterations in the property; that is to say, he remained in possession as the landlord but did not physically occupy the property, and Wirsing received no portion of the rent, nor did he assume any of the burdens of ownership. The evidence does not demonstrate that Meyers participated in the proceeds of Wirsing's bail bond business in any definite or ascertainable respect. In other words, throughout the entire period involved Meyers was the equitable owner of the property and could have procured a decree of reconveyance by Wirsing, had the latter refused to comply with his request for a deed. Whitaker v. Westberg, 215 App.Div. 785, 213 N.Y.S. 935, affirming 124 Misc. 556, 208 N.Y.S. 638.

About October 1, 1935, Meyers gave an option to a proposed purchaser, and requested a deed of reconveyance from Wirsing, which the latter executed and acknowledged on that date in the office of the attorney who prepared the original deed, one Ryan, who was not called as a witness. He requested Ryan not to record the deed at once, saying: "You can't record this deed; I got a bond on it." Ryan said: "All right; I will leave it in my safe."

Since it was the mutual understanding of the parties that Meyers would need the deed if he was to sell the property under the option, it seems fair to conclude that this was a delivery of the deed from Wirsing to Meyers, Ryan being the agent of Meyers to receive delivery. To hold otherwise would require that the transaction be ignored in legal effect.

It is true that between November 1, 1935, and June 6, 1938, both dates inclusive, Wirsing justified as surety upon twenty-eight bail bonds in this court, stating in his affidavit of justification that he was "the sole owner of the real estate, No. 89 High Street, County of Kings", referring to the deed from Meyers dated February 28, 1934, as the source of his title. It could be plausibly argued that such a course of conduct was inconsistent with an intention to make

delivery of the deed on October 1, 1935, but Wirsing's conduct is presently deemed to have been intended by him as a misrepresentation to the government, rather than as evidence that he had not made delivery of the deed to Meyers.

■ The matter is not as important as it might seem to be, for the reason that, as between Wirsing and Meyers, the latter was at all times the equitable owner of the property, and the lien of the four judgments upon which the government relies could not attach to property of which Wirsing was not the true owner. The cases are quite clear, that the lien of a judgment by virtue of section 1251 of the Code of Civil Procedure, now Section 510 of the Civil Practice Act, takes effect only on the actual interest of the judgment-debtor in the land, and is subject to prior equities; so much is stated in the concurring opinion of Judge Miller in LaFayette Trust Co. v. Beggs, 213 N.Y. 280, at page 288, 107 N. E. 644. See, also, Towsley v. McDonald, 32 Barb., N.Y., 604; Moyer v. Hinman, 13 N.Y. 180; Trenton Banking Co. v. Duncan, 86 N.Y. 221, at page 227.

In Brown v. Pierce, 74 U.S. 205, at page 218, 7 Wall. 205, 19 L.Ed. 134, the opinion says: "Correct statement of the rule is, that the lien of a judgment creates a preference over subsequently acquired rights, but in equity it does not attach to the mere legal title to the land, as existing in the defendant at its rendition, to the exclusion of a prior equitable title in a third person." (Citing cases.)

■ The decisions under section 291 of the Real Property Law of the State of New York, Consol.Laws, c. 50, are to the same effect. That section deals with the effect of the recording of conveyances, and the decisions hold that a judgment-creditor is not a purchaser in good faith within its provisions, and that an unrecorded conveyance prevails over a judgment unless there is a superior equity in favor of the holder of the latter. See Thomas v. Kelsey, 30 Barb., N.Y., 268; Flagler v. Malloy, 56 Hun 643, 9 N.Y.S. 573; Obermeyer & Liebmann v. Jung, 51 App.Div. 247, 64 N.Y.S. 959; Russell v. Wales, 119 App.Div. 536, 104

N.Y.S. 143; United States v. Certain Lands Located in Town of Hempstead, Nassau County, N. Y., Damage Parcel 211, D.C., 41 F.Supp. 636.

These authorities govern, if it has been correctly held that there was a delivery of the deed of October 1, 1935, to Meyers.

■ It results therefore that the lien of the judgments to which reference has been made did not attach to this property, because Wirsing's title was a mere shell and a pretense, and the actual ownership was in Meyers; nor can those judgments prevail over the unrecorded deed of October 1, 1935, with the exception about to be discussed, because as to three of them there are no prior equities in favor of the government, since other real estate actually owned by Wirsing was the basis of his justification.

The exception is the judgment recovered April 18, 1939, and docketed in the Clerk's office on October 29, 1939, in the sum of $1,500. That was based upon the forfeiture of a bail bond as to which Wirsing was the surety, justification being based upon his asserted ownership of these premises.

■ As to the judgment based upon Wirsing's asserted ownership of the premises 89 High Street, it is apparent that Meyers put him in the position of falsely qualifying as the owner of that property, thereby inducing the government to accept him as surety upon the bail bond, and is now estopped to deny, for present purposes, that Wirsing was the owner; consequently the amount of that judgment, with interest, is payable out of the deposit, to the United States of America. A comparable situation is presented in the case of Hamlin v. Arbolino, 72 Misc. 190, 131 N.Y.S. 45.

The requirements of justice are met by this disposition of the controversy.

Accordingly an order of distribution should be settled on notice, providing that the government is to reimburse itself for the $1,500 judgment recovered April 18, 1939, with interest to date, out of its deposit of $3,500, and the balance is to be payable to the said George Meyers as owner of the property.