EDWARD K. RAUBITSCHEK, Respondent, *v.* JACOB BLANK, Appellant.

Defendant and H. negotiated for the exchange of certain real estate; the terms were agreed upon verbally by them; defendant was to pay a sum agreed upon as the difference in the values of the lands to be exchanged; he gave to H. a check for $500, as a payment, receiving therefor a receipt signed by H. In an action upon the check, parol evidence was given as to the contents of the receipt, it having been lost, which was to the effect that it stated that the check was received on account of the exchange of said lands, specifying them, and then stated the terms, *i. e.*, the price of each piece of property, the amount of mortgages to be executed, etc.; it did not appear that the terms of credit were specified. Defendant thereafter refused to enter into a written contract, as was agreed, and stopped payment of the check: *Held*, that the burden was

upon defendant to show a failure of consideration; that as it did not appear that the terms of credit were not in the receipt, as every presumption was in favor of the validity of the check, this was to be presumed; that the receipt taken in connection with the check contained the material elements of a contract, sufficient and valid under the statute of frauds, and enforceable in equity against H.; and that, therefore, there was a good consideration for the check.

Plaintiff held the check as assignee of H., who died prior to the trial. *Held,* that defendant was incompetent, under section 399 of the Code of Procedure, to testify to the personal transactions between him and H.

*Comstock* v. *Hier* (73 N. Y., 269), distinguished.

(Argued February 3, 1880; decided April 6, 1880.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 12 J. & S., 564.)

This action was upon a check drawn by defendant, payable to one George Herdfelder, and by him indorsed and delivered to plaintiff; the defense was that the check was given without consideration, and that plaintiff took it after presentment and dishonor, and with knowledge.

The evidence was to the effect that on October 16, 1872, the date of the check, defendant and Herdfelder agreed, orally, to exchange certain real estate; the value of that owned by Herdfelder was fixed, and defendant agreed to take it, at $46,000; upon it were mortgages to the amount of $12,000. Herdfelder agreed to take defendant's property at a valuation of $15,000; the latter agreed to pay the difference in the values by assuming the mortgages on the premises of H., to execute to him mortgages thereon to the amount of $15,000, and to pay $4,000 in money. It was agreed that a formal contract was to be drawn up the next day. Herdfelder required a payment to bind the bargain, and the check in suit was then given to him, defendant receiving a receipt therefor; this receipt was lost, and parol evidence was given of its contents, to the effect that it stated the check was received on the exchange of the two pieces of property, which were specified, the price was stated, and the amount of the mortgages to be given. Defendant stopped

payment of the check, and refused to enter into a contract. The court directed a verdict for plaintiff, to which defendant's counsel duly excepted.

*Thomas Darlington,* for appellant. There was no valid agreement between Herdfelder and the defendant for the exchange of their several properties. (§ 8, tit. 1, chap. 8 of part 2 of the Revised Statutes ; *Wright* v. *Weeks,* 25 N. Y., 153; *Davis* v. *Shields,* 26 Wend., 341; *Remington* v. *Palmer,* 62 N. Y., 34; *Tallman* v. *Franklin,* 14 id., 592; *First Baptist Church* v. *Bigelow,* 16 Wend., 28.) There was no part performance to take the case out of the statute. (Brown on Frauds, § 471; 1 Story's Eq. Jur., § 760, 761.) As there was no intention to make the receipt a sufficient and binding contract, the law will rather do violence to the words than break through the intent of the parties. (*Jackson ex dem. Buckley* v. *Delacroix,* 2 Wend., 433; *Warren* v. *Leland,* 2 Barb. S. C. R., 617.) The mutual relation of the several writings relied upon must appear upon their face, and cannot be established by parol evidence. (*O'Donnell* v. *Leeman,* 43 Me., 158; *Ide* v. *Stanton,* 15 Vt., 690; *Morton* v. *Dean,* 13 Metc., 388; *Adams* v. *McMillan,* 16 Ala. [O. S.], 73; *Ward* v. *Kirkman,* 5 Cush. [Miss.], 823; *Boydell* v. *Drummond,* 11 East ; *Parkhurst* v. *Van Courtland,* 1 J. Ch. R., 280; 1 Sug. Vend. [1 Amer. ed.], 89; *Bladgen* v. *Bradbear,* 12 Ves., 466; 1 Sug. Vend., 94; *Smith* v. *Arnold,* 5 Mason, 416; *Abell* v. *Radcliff,* 13 J. R., 300; *Newton* v. *Bronson,* 13 N. Y., 595; Sug. Vend., chap. 3, § 3; *Dobdell* v. *Hutchinson,* 3 Adol. & E., 355; *Jackson* v. *Lowe,* 1 Bing., 377.) The contract being void, the check was without consideration, and no action can be maintained upon it. (*Dung* v. *Parker,* 52 N. Y., 494; *Cagger* v. *Lansing,* 43 id., 550; *Levy* v. *Brush,* 45 id., 589.)

*George H. Yeaman,* for respondent.

MILLER, J. The check upon which this action is brought is valid upon its face, and the allegation of the defendant.

that it is without consideration must be affirmatively established in order to sustain such a defense. The check was made by the defendant in pursuance of an agreement entered into between the defendant and one Herdfelder, for the sale and exchange of certain real estate owned by the parties respectively. The terms were agreed upon verbally, and a contract was to be drawn up and executed accordingly. The check imports a consideration, and the burden of showing that there was none rests with the defendant. The proof shows that the check was given and received as a payment for the real estate which Herdfelder was to convey to the defendant, and a receipt given for the same. The receipt is not produced, and the defendant testifies that he had not seen it since it was delivered, and did not know where it was. Upon his cross-examination upon the trial, he swore that it stated that the check was received from him on account of an exchange of property, mentioning it, which was made upon the following conditions : The price so much, and so much mortgages for that property, and whatever it was as regards Herdfelder's property. He merely expresses his belief as to the contents of the receipt, without testifying positively what it actually did contain. This evidence shows that the price to be paid, the mortgages to be executed, and all the requisites of a valid contract, were contained in the receipt, except the terms of credit. The specification of the time and place for the execution of the contract is not material, as the law provides for such omissions, and they would not render the contract inoperative. It is not shown that the terms of credit were not in the receipt, and as every presumption is in favor of the validity of the check, it cannot be avoided upon that ground. As the defendant has failed to establish an invalid contract by sufficient evidence, there is, we think, no ground for claiming that the check was without consideration.

In considering the question discussed, we have assumed that the writing which constitutes the agreement must contain all the material elements of a valid contract, so as to

satisfy the statute of frauds, within the authorities cited and relied upon by the counsel for the defendant. (*Wright* v. *Weeks*, 25 N. Y., 153; *Davis* v. *Shields*, 26 Wend., 341; *First Baptist Church of Ithaca* v. *Bigelow*, 16 id., 28.) The statute (1 R. S., 531), provides that the contract shall be signed by the party to be bound thereby. The receipt in question was signed by Herdfelder, and if it contained sufficient, was, we think, a binding contract, in connection with the check, within the statute, and could have been enforced in equity against him. The receipt was a sufficient consideration for the check. True, it was not signed by the defendant, but if he had signified in writing his acceptance of its terms, it would have been binding. That he did not do so, otherwise than by the making and delivery of his check, does not impair its effect as a consideration for the check.

The receipt and the check constituted the contract. The receipt contained the terms upon which the exchange was to be made, and the check was a payment of money upon the contract towards the purchase-price. The two must be taken and read together, and made out a valid contract between the parties. A letter containing an offer to sell or to purchase, signed by the party and specifying the terms of the agreement, with an acceptance, will constitute a valid contract. (Dart on Vend. and Pur., 97, 98, 103; Browne on Statute of Frauds, § 346.) The vendor's receipt for the purchase-money is also sufficient. (Dart on Vend. and Pur., 98; *Coles* v. *Trecothick*, 9 Ves., 234.) The receipt here was in the nature of a proposition to sell and exchange, and the check an acceptance of the offer. The contract was thus made out if the receipt, as already stated, contained sufficient to show its terms and conditions. The mutual relation of these several writings appeared upon their face quite as clearly as it does where a letter has been written which contains the terms of the contract and there is an acceptance. The authorities hold that it is not essential that both the writings should contain all the elements of the contract. It is sufficient if when taken together, a

contract is made out, and there may be an identification of the documents, where there is an offer and acceptance, by parol evidence. (*Long* v. *Millar*, L. R., 4 [C. P. Div.], 450, 454, 455; *Ridgway* v. *Wharton*, 6 H. L. C., 238; 27 L. J. [Ch.], 46; *Baumann* v. *James*, L. R. [3 Ch. Ap. Cas.], 508, 511.) It cannot, we think, be claimed that if the defendant had paid the money and taken a receipt, that an action would lie to recover back, the money as paid on a contract which was invalid for want of consideration. The same rule applies in an action to recover the amount of the check ; and for the same reason the defendant is liable.

There was no error in the ruling of the judge upon the trial, that the defendant was not competent to testify in his own behalf, against a plaintiff deriving title from a deceased person, as to a personal transaction between himself and the deceased person. Herdfelder became the owner of the check by its delivery to him by the defendant. As we have seen, it had a legal existence, being given for a valuable consideration, and was capable of being assigned. The plaintiff held it as assignee of Herdfelder, and within section 399 of the Code of Procedure the defendant was incompetent to testify to any personal transaction between himself and Herdfelder, who was deceased. The case of *Comstock* v. *Hier et al.* (73 N. Y., 269), cited by the defendant, is not in point. It is there held that the maker of a promissory note, negotiating the same, or procuring the same to be discounted, is not an assignor, but assumed the ordinary obligations of a party to negotiate paper, as maker of a note or acceptor of a bill; that it is an original contract with the party taking the bill or note, and not the assignment of an obligation of a third person; that the defendants were not assignees, within the meaning of section 399 of the Code of Procedure, and the plaintiff was a competent witness to prove transactions with one of the makers, who was dead at the time of the trial. The case considered is clearly distinguishable. The making of the

check was in pursuance of an original contract with Herd-felder, and for a valuable consideration. The transaction was directly between the defendant and Herdfelder, and the plaintiff was his assignor, and stood in his place.

The judgment was right, and should be affirmed.

ANDREWS, EARL and DANFORTH, JJ., concur; FOLGER, J., dissents; CHURCH, Ch. J., and RAPALLO, J., not voting. Judgment affirmed.