McGown, J.
The agreement of letting, about which there is no dispute, was a valid agreement; and the consideration for the check, the right to occupy the store till May 1st, was a good consideration. Raubitschek v. B lank, 80 N. Y., 478.
The defendant had the right to take possession of the store on the 20th of January, or at any time thereafter till May 1st. The plaintiff was not bound to move defendant into, or put defendant in actual posession. The defendant had the legal right of possession, which was all the plaintiff was bound to give under the agreement. It does not appear that the plaintiff ever refused or prevented defendant taking possession. On the contrary the plaintiff testified as follows: “I asked him (Holtz) when he wanted to come m, and he said about the 15th of February. I said * very well, come along.’ From that time to this he never asked to come in.” While Holtz testified that he never asked possession, because he found out that plaintiff had no lease, and again he stated that that was' the only reason for not paying the check.
Plaintiff did not agree to remove everything from the store, but only to remove one counter Had the defendant taken possession, he would have had a perfect right to remove the other counter therefrom The check was given as a payment of the rent in advance. His liability was fixed when the check was given. The defendant was not bound by his agreement to move in or to occupy the store. It was entirely optional with him to occupy it or not. Even an eviction cannot be set up as a defense in an *732 action on a covenant to pay rent in advance. The law on this subject is so well settled that it seems to me to be unnecessary to cite any authorities in support thereof.
After a careful examination I have been unable to discover any errors in the ruling of the justice before whom the action was tried, which require, or which would warrant a reversal of the judgment or final order. The jústice in his charge presented the matter fully and fairly to the jury, and correctly charged the jury as to the law applicable to the case, and no exception^ were taken thereto by defendant’s counsel. I think, however, that if the justice committed any error at all, it was in his refusal to direct a verdict for the plaintiff, when requested by plaintiff’s counsel, upon the defendant’s own evidence; there being no evidence whatever, that defendant could not get possession of the premises on the 20th of January, or at any time thereafter; the defendant having the affirmative of the issue, and there being no such evidence offered by him.
The judgment and the order denying defendant’s motion for a new trial, appealed from, must be affirmed, with costs.
McAdam, 0. J., and Pitshke, J., concur.