James A. McKinley, Appellant, *v.* Susan Hessen, Respondent.

Appeal — when facts will not be reviewed on appeal from reversal by Appellate Division — when parol agreement for conveyance of real estate, although void under Statute of Frauds, will be specifically enforced.

1. When in an action for specific performance it does not appear in the order that a reversal by the Appellate Division was upon the facts, it must be presumed that the judgment was not reversed upon a question of fact, but upon the law only. (Code Civ. Pro. § 1338.) This limits the inquiry in the Court of Appeals to a consideration of whether, upon the decision upon the facts, the legal conclusion follows that the successful party is entitled to the relief awarded, whether any material finding of fact is without evidence to support it, and whether any material error was committed in the admission or exclusion of evidence.

2. When a parol agreement for the conveyance of real estate, void by the Statute of Frauds, has been proved and part performance has been shown by acts of the party seeking relief, which could have been done with no other design than that of performance, if an action at law is not an adequate remedy, the agreement will be specifically enforced.

3. In such a case a court of equity acts upon the principle that not to allow effect to the part performance would be to allow the party permitting the acts to treat them as if the agreement had not been made. Where, by a refusal to execute a parol agreement, the other party, who has in part performed, cannot be placed in the same situation in which he was before such performance, then an irreparable injury is threatened and equity will intervene upon

the ground that it would be a fraud if the transaction were not completed.

4. Property was purchased and title taken in the name of defendant, who is the sister of plaintiff, under an oral agreement to the effect that the plaintiff would pay the consideration therefor and take title thereto in the name of defendant, and that she would hold the legal title to such property as the plaintiff might so purchase, for the benefit of the plaintiff, would dispose of it as and when he should direct, and would turn over to him all the moneys received by her on such conveyances. Plaintiff sold one of the parcels, and, at his direction, the defendant executed a deed of conveyance to the purchaser. Upon receipt of the purchase price she turned it over to him and he applied it to his own use. He paid all of the taxes upon the properties, the interest upon the mortgage and the insurance upon and repairs to a house upon one of the parcels. At no time did the defendant make any claim to the ownership of the real estate, or to the moneys realized upon the sale of the one parcel, prior to a disagreement, which was followed by this action. *Held*, that the trial court upon finding that the plaintiff had wholly performed the agreement on his part, and that the defendant had partly performed it on her part, properly reached the legal conclusion that the defendant convey the real estate remaining unsold.

*McKinley* v. *Hessen*, 135 App. Div. 832, reversed.

(Argued April 7, 1911; decided April 25, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 6, 1910, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alton B. Parker, Clarence K. McGuire* and *Theodor Megaarden* for appellant. The acts found by the Special Term to have been done by the plaintiff in pursuance of the contract constitute such part performance as is sufficient to take the contract out of the Statute of Frauds. (*Cooley* v. *Lobdell*, 153 N. Y. 596; *Russell* v. *Briggs*,

165 N. Y. 500; *Miller* v. *Ball*, 64 N. Y. 286; *Dunckel* v. *Dunckel*, 141 N. Y. 427; *Pearsall* v. *Henry*, 153 Cal. 314; *Nat. Harrow Co.* v. *Bement & Sons*, 163 N. Y. 505; *Korminsky* v. *Korminsky*, 2 Misc. Rep. 138; *Gallagher* v. *Gallagher*, 135 App. Div. 457; *Jeremiah* v. *Pitcher*, 26 App. Div. 402; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313; *Quinn* v. *Quinn*, 69 App. Div. 598.) The appellant has no adequate remedy at law, and is entitled to a decree of specific performance upon the facts found by the Special Term. (*Canda* v. *Totten*, 157 N. Y. 281.)

*Almeth W. Hoff* and *Michael J. Joyce* for respondent. The doctrine of "part performance" is not applicable to this case. (Pom. on Spec. Perf. [2d ed.] §§ 99, 112, 113; *Levin* v. *Ditz*, 194 N. Y. 376; *Cooley* v. *Lobdell*, 153 N. Y. 602; *Dunckel* v. *Dunckel*, 141 N. Y. 427; *Wheeler* v. *Reynolds*, 66 N. Y. 227; *Maddison* v. *Alderson*, L. R. [8 App. Cas.] 467; *Phillips* v. *Thompson*, 1 Johns. Ch. 131; *Byrne* v. *Romaine*, 2 Edw. 445; *Wolfe* v. *Frost*, 4 Sandf. Ch. 77; *Cooth* v. *Jackson*, 6 Ves. 38; *Frame* v. *Dawson*, 14 Ves. 386; *Morphett* v. *Jones*, 1 Swanst. 181.)

GRAY, J. The action is to compel the specific performance of a parol agreement, whereby the defendant agreed to hold the title to certain real estate in trust for the plaintiff and to convey the same to any person, or to him, as he should request. The answer set up the defenses of a denial of the agreement; of a claim that the plaintiff had purchased the premises and had caused the same to be conveyed to the defendant as a gift, and of the allegation that the agreement was void under the Statute of Frauds. The case was tried at a Special Term of the Supreme Court and the plaintiff, upon findings made by the trial court, recovered a judgment, which directed the defendant to specifically perform the agreement by conveying to him the premises described and in question. Upon appeal to the Appellate Division, that court

reversed the judgment and from the order of reversal the plaintiff has appealed to this court. As it does not appear in the order that the reversal was upon the facts, it must be presumed that the judgment was not reversed upon a question of fact, but upon the law, only. (Code Civ. Proc., section 1338.) This limits the inquiry to a consideration of whether, upon the decision upon the facts, the legal conclusion followed that the plaintiff was entitled to the equitable relief awarded; whether any material finding of fact was without evidence to support it and whether any material error was committed, in the admission, or exclusion, of evidence.

I think that the findings have support in the evidence and I find no material error in the rulings upon the trial. There is left, therefore, but the one important question as to the correctness of the legal conclusion reached by the trial court. The findings establish the following facts. The plaintiff was unmarried and with him had lived for some years the defendant, his sister, with her family. He was employed as the manager of a business, which closely confined him from early in the morning until late at night and disabled him from attending to outside matters. His health began to fail and he feared the loss of his eyesight. His sister advised him to withdraw from business; but he told her that he was not in a position to do so. At the time, he was considering a speculative investment in real estate on Long Island, upon the advice of a friend in the real estate business. He informed the defendant of this and that he did not wish to go on record as the owner of the property. Whereupon, on June 23d, 1906, as the finding reads: " the plaintiff and the defendant entered into an oral agreement to the effect that the plaintiff, in case he should purchase certain real estate at Bell Harbor, Queens County, New York, would pay the consideration therefor out of his own property and take title to the same in the name of the defendant, and that she would allow her name to be so used, and that she

would hold the legal title to such property as the plaintiff might so purchase, for the benefit of the plaintiff, and would dispose of it as and when he should direct, and that, in case he should at any time make a sale of any such property, she would execute a deed or deeds therefor at the plaintiff's direction, and would turn over to him all the moneys received by her on such conveyances." Three parcels of real estate were purchased between June 23d and August 11th, 1906, in pursuance of the aforesaid agreement, at prices aggregating the sum of $16,450; of which sum $4,920 remained upon mortgage. The deeds were received and retained by the plaintiff. In December, 1907, the plaintiff sold one of the parcels for $5,000 and, at his direction, the defendant executed a deed of conveyance to the purchaser. Upon receipt of the purchase price, she turned it over to him and he applied it to his own use. He paid all of the taxes upon the properties, the interest upon the mortgage, and the insurance upon, and repairs to, a house upon one of the parcels, which they resided in, at times of the year. At no time did the defendant make any claim to the ownership of the real estate, or to the moneys realized upon the sale of the one parcel, prior to a disagreement, which was followed by this action; but, throughout the period mentioned, she referred to the plaintiff as the owner and acted as his representative. The trial court expressly refused to find, at the request of the defendant, that " the moneys so, as aforesaid, advanced by the plaintiff for the purchase of said property, were free and voluntary gifts to the defendant, his only sister, in consideration of natural love and affection for defendant and her children and of many years of faithful service and acts of kindness by her bestowed on him." He was in solvent circumstances, and he had personal reasons for not appearing of record as owner. A disagreement arose between the parties in August, 1908, not concerning the real estate, which resulted in the defendant declaring that "she did not have to make deeds of the property for

the plaintiff" and in her refusing, upon his demand, to execute conveyances of the remaining parcels. The trial court, then, finding that the plaintiff had wholly performed the agreement on his part and that the defendant had partly performed it on her part, reached the legal conclusion that the former was entitled to have judgment against the latter that she convey to him the real estate remaining unsold.

Upon the facts, which I have now stated and which, as the case comes to us, must be accepted as true, the question of law to be determined is whether they established such part performance of the parol agreement as to take the case out of the Statute of Frauds and to justify a decree for its specific performance by the defendant. It was considered by the Appellate Division that the acts relied upon did not show part performance; inasmuch as they were not, under the rule of the cases, "necessarily, referable to the alleged agreement and done in execution of it." It was thought that the facts were entirely consistent with a gift of the premises to the defendant for the purpose of a family abode. The opinion of the court is elaborate in its review of the facts and had the reversal been placed upon a question of fact by the order, the case would not be here. But that was not done and, with the facts as they are found, I am brought to the conclusion that the judgment of the trial court was right. I am compelled to differ with the Appellate Division, not in the statement of the rule of law which governs, but in the view that the facts established do not come up to the requirement of the rule, which authorizes specific performance of an oral agreement for the conveyance of land. What the plaintiff claims is not that the defendant practiced some fraud upon him in the inception of these transactions, but that, relying upon her promise, he entered into the agreement with her and has so performed it on his part, that to permit this defense, now, of the Statute of Frauds would be to enable her to perpetrate a fraud.

The intervention of equity is asked to prevent the commission of fraud and to relieve a situation, which is irremediable at law. The policy of the law, which requires a contract relating to real estate to be reduced to writing and to be subscribed, for reasons founded on the fallibility of human memory, is not contravened by such intervention, in a case where the contract has not been made in conformity with the statute, if the parties have waived its protection and the contract has been performed in part. It would be quite antagonistic to the spirit of a statute designed to prevent fraud, if it might be availed of to cover fraud. Therefore, it has been long the settled rule, in England, as here, that when a parol agreement for the conveyance of real estate, void by the Statute of Frauds, has been proved and part performance has been shown by acts of the party seeking relief, which could have been done with no other design than that of performance, if an action at law is not an adequate remedy, the agreement will be specifically enforced. In such a case, a court of equity acts upon the principle that not to allow effect to the part performance would be to allow the party permitting the acts to treat them as if the agreement had not been made. Where by a refusal to execute the parol agreement, the other party, who has in part performed, cannot be placed in the same situation in which he was before such performance, then an irreparable injury is threatened and equity will intervene upon the ground that it would be a fraud if the transaction were not completed. (*Phillips* v. *Thompson*, 1 Johns. Ch. 131; *Lowry* v. *Tew*, 3 Barb. Ch. 407, 413; *Malins* v. *Brown*, 4 N. Y. 403, *Wheeler* v. *Reynolds*, 66 ib. 227.) The difficulty has been in the application of the rule. Generally, the rule is that not only the part performance should be of the agreement proved, but the acts claimed to constitute such must be unequivocal in their character and must have reference, only, to the carrying out of the agreement. In *Wheeler* v. *Reynolds* (*supra*), Judge

Earl, following the authorities, laid down the rule as follows: "The acts should be so clear, certain and definite in their object and design as to refer exclusively to a complete and perfect agreement, of which they are a part execution." (p. 231.) In defining what facts will constitute such part performance as would justify a judgment for specific performance, the rule, as at present settled, is not, ordinarily, satisfied by mere proof of the payment of the purchase price of the land. (*Dunckel* v. *Dunckel*, 141 N. Y. 427; *Cooley* v. *Lobdell*, 153 ib. 596, 601.) The reason for this is stated by Judge Vann in *Cooley* v. *Lobdell*, (*supra*), as follows: "That as the purchase money can be recovered back in an action at law and the parties thus restored to their original position, the party paying is not injured, no fraud is perpetrated upon him by refusal to convey, and there is no occasion for a resort to equity." In that case the question of how far the making of improvements constituted part performance was considered and it was held that, when they are made in reliance upon the oral agreement and are of a substantial nature, they become so connected with the subject-matter of the contract as to make refusal to perform unjust and to estop a party from setting up the statute.

In this case, there was much more done by the plaintiff than the payment of the purchase price of the land. Had that, however, been his principal, or sole, act, the case would, still, have been distinguished from those, in which it was deemed insufficient. The plaintiff could not recover back the purchase moneys, which he had paid to the vendors of the land. They were third persons, as to whom no cause of action had survived the transaction of sale. Had this been a transaction where the defendant could be made liable in an action at law for the repayment of the moneys paid by the plaintiff, the limitation of the rule of part performance might, possibly, be applicable. But the plaintiff, in addition to paying for the land, paid its carrying charges,

in taxes and insurance, and he paid for the repairs and for improvements. The facts exhibit a situation where such acts should, by every fair and reasonable intendment, be deemed to have been done with a view to the performance of the agreement. That is to say, the defendant, acting, only, for the plaintiff, in taking and in holding the title for his benefit, the latter discharged the liability of the true owner by paying the price of the land and the cost of carrying and improving it. There was a reason shown for the making of the agreement between the parties; in that the plaintiff, though desiring to enter into a land speculation, felt himself disabled by the exactions of the business of his employment and by failing health and vision. He had personal reasons for not wishing to appear of record as owner, in the apprehension of becoming liable to perform jury duty, and, upon advising with his sister, the agreement in question results. He was to buy certain real estate and to take title in her name. She agreed to hold the title for his benefit and to make conveyances, as he might sell the land, or might direct her. After the purchases were made, upon a sale of a parcel, she recognized his right to sell it and to receive the price; for she executed the deed at his direction and turned over the moneys to him. When he paid the carrying charges of the property and for the repairs upon it, were not the payments referable, unequivocally, to the agreement and in recognition of his obligation towards the property as its real owner? Were not his acts and her acts in accord with the existence of their agreements? I think that it would be a reproach to equity, if its arm could not be effectively stretched out to redress the wrong, by compelling the defendant to complete the transaction by conveying the property to the plaintiff.

In *Jeremiah* v. *Pitcher*, (163 N. Y. 574), we affirmed a judgment, though without opinion, in a case, whose facts, closely enough, parallel those of the present case. There the plaintiff, a real estate dealer, whose wife had become

insane, entered into an agreement with the defendant, his
daughter, to take title to the property in dispute and to
transfer the same to him, or to others, as he might direct.
He purchased the property and had the conveyance made
to her and, thereafter, he paid the taxes and made
improvements. On his demand that she convey the prop-
erty, she refused to comply; whereupon he brought the
action to establish a trust in his favor. In defense, she
pleaded the Statute of Frauds and that the conveyance
to her was a gift. The Appellate Division reversed a
judgment of the trial court, adverse to the plaintiff, and
ordered judgment in his favor; holding, in substance,
that the case did not come within the Statute of Frauds,
as it was "a parol agreement, fully performed on the
part of the plaintiff." (26 App. Div. 407.) While the
facts differed in the feature of the insane wife, whose
condition embarrassed the plaintiff's dealings in real
estate, yet the principle of the decision applies. As there
was a reason, in that case, for putting the title to the
property in the daughter's name; so, in the present case,
there was a reason for putting it in the sister's name.
Whether one reason be deemed stronger than the other
is immaterial. The discretion of the court might com-
petently be exercised for either, if satisfied of the fact.
In *Canda* v. *Totten*, (157 N. Y. 281), land had been pur-
chased by the defendant in his own name, under an oral
agreement with the plaintiff to purchase it for, and to
convey it to, her on receipt of the amount of the price
paid. The action was brought to compel the defendant
to convey to the plaintiff and we held that she was
entitled to recover on the theory of part performance of
the agreement. That the plaintiff had performed on her
part, in paying the amount of the purchase price, in
making repairs and paying taxes, insurance and mort-
gage interest meanwhile, were deemed to be facts, which
justified a court of equity in decreeing specific perform-
ance on the part of the defendant.

3

I think that this is a case, upon its facts, where to suffer the defense of the Statute of Frauds to prevail against the demand of the plaintiff would be to cover fraud, not to prevent it, and, for the reasons given, I advise that the order of the Appellate Division be reversed and that the judgment of the Special Term be affirmed; with costs in both courts to the appellant.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Order reversed, etc.