MACY ATWOOD TABOR, Plaintiff, *v.* EDITH H. HILLS, MARTHA L. HILLS and ARTHUR W. GUY, as Administrator, etc., of CAROLINE M. HILLS, Deceased, Defendants.

Supreme Court, Kings County, October 6, 1926.

Equity — action for accounting of certain piece of real property, title to which was taken in name of decedent — complaint, alleging that plaintiff furnished part of money for erection of house and part for purchase of land, is sufficient.

In an action for an accounting of a certain piece of real property, title to which was taken in the name of the decedent, the complaint is sufficient on the motion to dismiss on the ground that it does not state a cause of action which alleges that the plaintiff furnished a part of the money with which a house was constructed on the real property in question, and also furnished a part of the purchase price of the land.

MOTION to dismiss complaint under rule 112 of the Rules of Civil Practice.

*Robert E. McLear*, for the plaintiff.

*Wise, Whitney & Parker*, for the defendants.

DIKE, J.  Judgment dismissing the complaint herein is asked for under rule 112.  Two alleged causes of action are set forth, the first for an accounting of a certain piece of real property, of which property the plaintiff herein alleges she was a part owner, although title apparently was in the name of Caroline M. Hills, under a certain agreement.  It seems to me that a good cause of action is stated as set forth in the first cause of action in the complaint, the plaintiff having there alleged that she furnished a part of the money used in the construction of the house.  This is also urged in the second cause of action in relation to the purchase of the premises.  If the test to be applied by the court is not whether

the plaintiff will ultimately succeed on the trial, but whether the complaint states a cause of action requiring an answer, then it would seem to me that the motion could not be granted in the case of the second cause of action. (*Moore* v. *Bonbright & Co.*, 202 App. Div. 281.) This case will involve the application of the rules in relation to real property as to part performance, absence of written agreements, and those other elements which are discussed in *Whitaker* v. *Westberg* (124 Misc. 556); *McKinley* v. *Hessen* (202 N. Y. 24); *Burns* v. *McCormick* (233 id. 230); *Sleeth* v. *Sampson* (237 id. 69, 73). In *McKinley* v. *Hessen* (*supra*, 30), GRAY, J., said: " Where by a refusal to execute the parol agreement, the other party, who has in part performed, cannot be placed in the same situation in which he was before such performance, then an irreparable injury is threatened and equity will intervene upon the ground that it would be a fraud if the transaction were not completed. (*Phillips* v. *Thompson*, 1 Johns. Ch. 131; * * *.) The difficulty has been in the application of the rule. Generally, the rule is that not only the part performance should be of the agreement proved, but the acts claimed to constitute such must be unequivocal in their character and must have reference, only, to the carrying out of the agreement." I am unable to conclude that as a matter of law the allegations of the complaint do not constitute a valid cause of action. Motion is denied, with ten dollars costs.