LUCY E. WALTER, Respondent, *v.* G. CLARENCE HOFFMAN, Appellant.

(Argued April 22, 1935; decided May 21, 1935.)

*William E. Barrett* for appellant.

*James O. Moore* for respondent.

LEHMAN, J.   In an action for the specific performance of an alleged oral contract for the purchase and sale of real property, judgment has been granted in favor of the vendor which requires the purchaser to accept a deed of the property and to pay the unpaid balance of the purchase price.   Evidence produced by the plaintiff establishes that the plaintiff agreed to sell and convey the premises to the defendant for the sum of $10,000 in December, 1928.   The parties were friends.   The defendant was at that time engaged in business with the plaintiff's husband.   The property had been used as the plaintiff's home.   The defendant desired to use it as his own home. The plaintiff and her family moved from their home in January, 1929.   The defendant since that time has occupied the property, and has been in sole and exclusive possession of the premises.   The parties agreed that payment of the purchase price was to be made from time to time by the purchaser from moneys realized by him from the business venture in which he was engaged and that the deed should be delivered when the whole price was paid.   The purchaser has since then used the property for a home.   He has made alterations and improvements. He has paid part of the purchase price.   The seller has given possession to the buyer and has executed an undelivered deed of the premises.   The most serious question involved in this appeal is whether in such circumstances a court of equity may decree specific performance of the oral contract.

Doubtless, a buyer who enters into possession of real property, pays part of the purchase price and makes improvements upon the property, in reliance upon an oral promise to convey, might ask a court of equity to enforce the oral contract. The basis for the invocation and exercise of the power of a court of equity to compel specific performance of an oral agreement, in such circumstances, is "that otherwise one party would be enabled to practice a fraud upon the other, and thus it would sometimes happen that a statute intended to prevent frauds would operate to secure to one party the fruits of fraud." (*Canda* v. *Totten*, 157 N. Y. 281, 287.) Argument is made that wherever a buyer can invoke the remedy of specific performance of a contract, the seller must have the same remedy; for specific performance of a contract will not be decreed unless there is mutuality of obligation and remedy.

The doctrine of mutuality has, at least in this jurisdiction, not been carried so far. "What equity exacts today as a condition of relief is the assurance that the decree, if rendered, will operate without injustice or oppression either to plaintiff or to defendant. [Citing authorities.] Mutuality of remedy is important in so far only as its presence is essential to the attainment of that end. The formula had its origin in an attempt to fit the equitable remedy to the needs of equal justice. We may not suffer it to petrify at the cost of its animating principle." (*Epstein* v. *Gluckin*, 233 N. Y. 490, 494.) Equity in decreeing specific performance of an oral contract for the sale of land assumes "what is in substance a dispensing power." (*Burns* v. *McCormick*, 233 N. Y. 230, 234.) That power may be invoked in the case of part performance only on equitable grounds, to prevent injustice. Where that is shown, the rule of mutuality of remedy is satisfied if the decree of specific performance operates effectively against both parties and gives to each the benefit of a mutual obligation. A party to an oral con-

tract for the purchase of real property may, if satisfied, stand upon the letter of the Statute of Frauds, unless refusal of complete performance by him would work injustice to the other party. He cannot be compelled to perform against his will because he might assert, if he saw fit, that enforcement of the strict letter of the statute would work injustice to him.

In an equitable action for specific performance founded upon part performance " the defendant is really ' charged ' upon the equities resulting from the acts done in execution of the contract, and not (within the meaning of the statute) upon the contract itself." (*Maddison* v. *Alderson*, 8 App. Cas. 467, 475 [1883].) The acts must, in this jurisdiction, be unequivocally referable to the oral contract. (*Burns* v. *McCormick*, *supra*.) They must also put the party resorting to equity in a situation which would work injustice upon him unless the contract be fully performed. (*Freeman* v. *Freeman*, 43 N. Y. 34; *Miller* v. *Ball*, 64 N. Y. 286; *Dunckel* v. *Dunckel*, 141 N. Y. 427.)

Decisions by the courts of this jurisdiction and other jurisdictions that, in a specific case, part performance is sufficient or is insufficient to justify a decree of specific performamce, are sometimes valuable as guides in the application of these general principles in other cases, where the conditions are different. They do not limit or extend these general principles by arbitrary and inflexible rules. They may indicate the general measure to be applied in specific cases, but the correct application depends always upon the facts in the particular case. Here the seller has, as we have said, done nothing except give possession to the buyer. The buyer has expended money upon the faith of the seller's promise. Part performance by both is referable to the oral contract. It points unequivocally to the existence of such an oral contract. Through such part performance " the words are confirmed and illuminated by deeds," and even though the power of

dispensation be exercised, " the policy of the law is saved." (*Burns* v. *McCormick, supra,* p. 235; *Maddison* v. *Alderson, supra; Woolley* v. *Stewart,* 222 N. Y. 347; Pound, Equity [Statute of Frauds], 33 Harvard Law Review, 933.) So far the courts may properly take into consideration the acts of part performance by both parties. Even then, the question remains in each case whether a plaintiff has shown that a court should exercise its equitable power to prevent injustice. There the problem is whether part performance of the oral agreement creates irremediable injury to the suitor if complete performance is withheld. Unless there has been part performance by the suitor, there has ordinarily been no change of position by him, and, therefore, no injustice to him if the contract is not performed. To that extent, therefore, the acts of part performance relied on must be the acts of the suitor. (Cf. *Rathbun* v. *Rathbun,* 6 Barb. 98.) None the less, resultant injustice or injury may be increased, or, indeed, arise from subsequent acts performed by the other party. That is true, notably, where, as in this case, a seller has given possession of real property to the buyer and the buyer has then used the property.

In some jurisdictions in this country it has been held, following a rule applied in the courts of England, that the mere giving of possession by a seller is sufficient part performance to create a basis for the invocation by him of the equitable powers of the court. There may be doubt whether in this jurisdiction the rule is so broad. Possession, it is said, may be regained by action at law, and that in such case there is no need for the invocation of the equitable powers of the court to prevent injustice. We do not pause now to consider the historic basis or the logical validity of the English rule. Here there is more. The possession has been long continued. In the intervening time the buyer has enjoyed the benefit of complete ownership, and the seller has been unable to dispose of the property. Return of possession under such circum-

stances might be an incomplete measure of justice. (Cf. *Harris* v. *Knickerbacker*, 5 Wend. 638.) Then, too, as we have said, there has been alteration of the property. True, the alteration may be an improvement. None the less, if the property is returned to the seller she will receive something different from what she owned before and something that she may not want.

We cannot say that under such circumstances the plaintiff has failed to show that the court should exercise its equitable powers. At least the court had a measure of discretion there which we cannot review.

The judgment should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.