ERNEST BEDINI, Plaintiff, *v.* GLIGOR CHRISTO, Defendant.

Supreme Court, Special Term, Monroe County, May 1, 1947.

*James E. Cuff* for defendant.

*J. Frederick Colson* for plaintiff.

WHEELER, J. Defendant brings this motion under rule 107 of the Rules of Civil Practice, to dismiss the complaint upon the ground that the contract on which the cause of action is founded is unenforcible under the provisions of the Statute of Frauds.

The facts as alleged in the complaint are as follows: Plaintiff conditionally accepted defendant's offer to purchase certain real estate from him, setting up as a condition that a purchase contract be written for $19,000 ($6,000 less than the original offer), and that the defendant at the same time pay $6,000 in escrow to plaintiff's attorney, "making a partly oral and partly written contract." Defendant acceded to this plan and signed the offer to purchase for $19,000 on the same day that he paid $6,000 in escrow to plaintiff's attorney and $1,000 to the real estate company handling the sale. Defendant's attorney, who had not been previously consulted, objected to this plan of purchase offer and requested that a new one be drafted setting forth all the terms of the contract, including the $6,000 paid in escrow. Defendant has refused to sign the new purchase offer and has refused to date to close the deal, except on the basis of $19,000 as the purchase price of the property. The prayer for relief requests judgment that the purchase price be declared to be $25,000 in accordance with " * * * agreement between the plaintiff and the defendant, which was partly in writing and partly oral * * * ", and requests specific performance of the contract on the basis of $25,000 as the agreed price.

It is elementary that, without more, a contract for the sale of real property is void and, a fortiori, unenforcible unless " * * * the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged * * *." (Real Property Law, § 259.) The complaint admits that there is no note or memorandum expressing the alleged full consideration in writing and subscribed by the party to be charged.

Whether we accept the view that plaintiff has failed to allege an oral contract, but instead has alleged a written contract, complete in every term, and also a contemporaneous oral contract changing the consideration as expressed in the written document, as urged by the defendant, or the contention of plaintiff that an oral contract has been alleged, one of the terms of which was that only a certain portion of the purchase price was to be reduced to writing, we reach the conclusion that for the purposes of this motion the complaint should be treated

as though an oral contract were clearly and definitely alleged. That plaintiff, upon these facts alone, could not be granted the requested relief is so fundamental that citation of authority is scarcely necessary. (*Wright* v. *Weeks,* 25 N. Y. 153; *Drake* v. *Seaman,* 97 N. Y. 230; *Mentz* v. *Newwitter,* 122 N. Y. 491.)

The plaintiff, apparently realizing the efficacy of the statute, seeks to invoke the doctrine of part performance of an oral contract. The only acts alleged by plaintiff to constitute part performance are set forth in paragraph " Tenth " of the complaint, in pertinent part as follows: " * * * plaintiff has kept vacant the store in said property which the defendant desired to occupy, although he has had several chances to rent it * * *, and is required to heat said premises, to his damage and loss." However, there is no allegation that this forbearance on the part of the plaintiff was a contractual duty imposed upon him by the terms of the alleged agreement (*Makres* v. *O'Day,* 59 N. Y. S. 2d 640); nor is there an allegation that plaintiff in so doing relied upon the alleged promise of defendant. As to the adequacy of the pleading, it should suffice to say that even though we assume plaintiff's allegations to be properly pleaded and also assume that he could prove these allegations upon the trial, he would not be entitled to the relief which he is here seeking.

The basis for the invocation and exercise of the power of a court of equity to compel specific performance of an oral contract for the sale of real property, because of part performance, is that " * * * otherwise one party would be enabled to practice a fraud upon the other, and thus it would sometimes happen that a statute intended to prevent frauds would operate to secure to one party the fruits of fraud." (*Canda* v. *Totten,* 157 N. Y. 281, 287.)

There are certain criteria of such part performance as will move a court of equity to grant specific performance of a contract otherwise void under the Statute of Frauds. These standards must be met by the party requesting relief. In the first place, the part performance sufficient to remove a contract from the operation of the Statute of Frauds must be performed by the party requesting relief. (*McKinley* v. *Hessen,* 202 N. Y. 24; *Wheeler* v. *Reynolds,* 66 N. Y. 227; *Phillips* v. *Thompson,* 1 Johns. Ch. 131; *Rathbun* v. *Rathbun,* 6 Barb. 98.)

The acts of performance by the plaintiff must be unequivocally referable to the oral contract and must be so clear, certain and definite in their object as to refer to a complete and

perfect agreement of which they are ,a part execution. They must also put the party resorting to equity in a situation, which would work injustice upon him unless the contract be fully performed. (*Walter* v. *Hoffman,* 267 N. Y. 365; *Woolley* v. *Stewart,* 222 N. Y. 347, 351; *McKinley* v. *Hessen, supra.*)

The alleged acts of " performance " by plaintiff, the seller, do not necessarily, naturally or reasonably create the conclusion that the plaintiff had a contract for the sale of his real property. Even though this conduct were indicative of a contract of sale, certainly it is not unequivocally referable to the particular agreement as alleged between these two parties. (*Woolley* v. *Stewart, supra; Burns* v. *McCormick,* 233 N. Y. 230; *Todd* v. *Pratt,* 149 App. Div. 459.)

Even if it were assumed that plaintiff's alleged acts of performance were unequivocally referable to the oral contract, the plaintiff would not be entitled to equitable relief. He has alleged that defendant refused performance within a short time after the alleged contract was made; he cannot, therefore, successfully maintain that his continued conduct in keeping vacant the store on the premises was in reliance upon defendant's oral promise to perform, nor could he, in contravention of the allegations of his complaint, maintain that defendant had given consent, express or implied, to the acts of the plaintiff. From the very facts pleaded, the inference is inescapable that plaintiff was not lulled by defendant's promise into not renting the said store, nor could he even have intended so to allege. Plaintiff's reliance, if at all, was upon the hope that the hybrid contract could be enforced in a court of equity.

" It follows from this principle that the acts of part performance must be done by the party seeking to enforce the contract, and must be done in pursuance of the contract, and with the design of carrying the same into execution; and must be done with the consent, express or implied, or knowledge of the other party." (Pomeroy's Equity .Jurisprudence [Student's ed.], § 1409, n. 1, p. 900.)

Neither can it be maintained that the alleged part performance has caused irremediable injury to plaintiff. He has not parted with the possession of his property, nor has he been irreparably injured. He has adequate remedy at law for any damage he may have sustained by reason of keeping the store vacant.

Nor is the defendant, as is contended by the plaintiff, guilty of fraud because of his refusal to perform the alleged oral contract, asserting the Statute of Frauds as his defense. " The

mere refusal to perform a parol agreement void under the statute may be a moral wrong, but it is, in no sense, a fraud in law or equity." (EARL, J., in *Wheeler* v. *Reynolds,* 66 N. Y. 227, 234, *supra.*) (*Wood* v. *Rabe,* 96 N. Y. 414; *Walter* v. *Hoffman,* 267 N. Y. 365, *supra.*)

For the reasons set forth above the complaint must be dismissed.

Motion granted, with $10 costs.

Order may be submitted accordingly.