ROBERT J. ROBINSON, Respondent-Appellant, v. EVELYN KARR, Appellant-Respondent.— Action by the vendor of real property in which the complaint alleges two causes of action: (1) For damages in the amount of the difference between the contract price and the market value, and brokerage charges; and (2) for recovery of the amount of a check upon which payment was stopped. The order grants defendant's motion, which, as amended, is for summary judgment, to the extent of dismissing the second cause of action, and denies the motion in respect of the first cause of action. Each party appeals from the portion of the order unfavorable to him. Order dated August 5, 1947, modified on the law by striking out the second and third ordering paragraphs and substituting in place thereof a paragraph providing that defendant's motion for summary judgment is granted. As thus modified, the order, insofar as appeals are taken, is affirmed, with $10 costs and disbursements to defendant. Appeal from order dated August 14, 1947, denying defendant's motion for an examination before trial dismissed, without costs. The purchaser gave her check and the vendor wrote out a receipt setting forth the terms of the sale. Thereafter the purchaser stopped payment on the check, and the vendor sold the property to a third person. Even if it could be assumed that the memorandum is a sufficient statement of terms to satisfy the requirements of the statute (which it is not), the agreement is void, not having been subscribed by the party to be charged, as required by section 259 of the Real Property Law (as amd. by L. 1944, ch. 198). The decision in *Raubitschek* v. *Blank* (80 N. Y. 478) was not governed by the 1944 amendment to section 259. It was decided under a statute which provided for subscription by the party "by whom the lease or sale is to be made." (2 Rev. Stat. of N. Y. [1st ed.], part II, ch. VII, tit. I, § 8, p. 135, erroneously cited in the opinion as "1 R. S., 531".) The purpose of the 1944 amendment is to afford equal protection to purchasers. (See N. Y. Legis. Doc., 1944, No. 65 [D] ; 1944 Report of N. Y. Law Revision Commission, pp. 71–89.) Hagarty, Acting P. J., Carswell, Adel and Sneed, JJ., concur; Johnston, J., dissents, with the following memorandum: I dissent and vote to affirm the order denying defendant's motion for summary judgment as to the first cause of action and granting it as to the second cause of action. In view of the fact that the court has dismissed the complaint, I express no opinion on the merits of the appeal from the order denying defendant's motion for an examination before trial. *Raubitschek* v. *Blank* **(80 N. Y. 478)** is decisive of the fact that the writings relied on were sub-

scribed by the parties to be charged within the meaning of section 259 of the Real Property Law (as amd. by L. 1944, ch. 198). At the time that case was decided the statute required that the writing be subscribed only by the party by whom the sale is to be made. But that case involved an exchange of real property, not a sale of real property and, therefore, both plaintiff's assignor and defendant were parties by whom the sale was to be made. It was for that reason that the court stated that the contract was binding only if the receipt signed by plaintiff's assignor was accepted in writing by defendant. It was held that the receipt was so accepted in writing by the giving of the check and that both the check and the receipt constituted the contract. In the case at bar the $500 check signed by the defendant (the purchaser), and accepted as a deposit on the purchase of the property, and the receipt therefor signed by the plaintiff (the seller), read together, comply with all the requirements of the statute. The purchase price of the property was "$29,000 Cash." The privilege given to the purchaser "of securing a mortgage commitment of not less than $15,000 until Friday, November 29th, 1946" had reference to a commitment with a third person and not the seller.