Geobge M. Fannelli, J.
In this action for specific performance of an oral agreement wherein defendant’s testatrix agreed to lend plaintiffs money and plaintiffs agreed to execute and deliver a mortgage upon their lands as security for the repayment of said loan, defendant moves, pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice, to dismiss the complaint upon the ground that said contract is unenforcible under the provisions of the Statute of Frauds.
Plaintiffs are husband and wife and allege in substance that defendant’s testatrix was the grandaunt of plaintiff husband; that on August 22, 1956 she orally agreed with said plaintiff in the presence of her attorney that she would lend plaintiffs $17,000 and that plaintiffs agreed to secure the repayment of said sum by the execution and delivery of a bond and mortgage upon certain real property owned by plaintiffs under certain specific terms and conditions; that simultaneously with the making of said agreement, the said testatrix executed and delivered to her attorney her check in said sum of $17,000, being the proceeds of said loan, with instructions to carry out the terms of said agreement; that said testatrix died a week later and before said agreement could be consummated; that plaintiffs are ready, willing and able to carry out the agreement and to execute and deliver their bond and mortgage for said sum of $17,000; and that said decedent’s estate is solvent.
Both sides agree, and the law is well settled, that a mortgage is a conveyance of an interest in real property within the meaning of section 242 of the Real Property Law and that a contract to give a mortgage is a contract for the sale of an interest in real property within the meaning of section 259 of the Real Property Law, which sections provide that, in order to be valid, such a contract or some note or memorandum thereof expressing the consideration must be in writing, subscribed by the person creating the same or by the party to be charged, as the case may be (Sleeth v. Sampson, 237 N. Y. 69; Straus & Co. v. Felson, 216 App. Div. 431; 37 C. J. S., Frauds, Statute of, § 118). However, plaintiffs seek to limit the principles off enunciated in the afore-mentioned cases solely to the instances where it is sought to compel the proposed mortgagor to make *300 the mortgage and contend that the Statute of Frauds can only be used as a defense by mortgagors and that the converse does not apply. They further contend that the gist of the action is not for the sale or conveyance of an interest in real property, as defined by Judge Cabdozo in Sleeth v. Sampson (supra) but rather that the gravamen of the complaint is to enforce an agreement to lend plaintiffs money and that there is nothing in the law that requires such an agreement to be in writing.
In view of the fact that the legal sufficiency of the complaint has not now been challenged by defendant, the court will assume, without deciding, that the complaint sets forth a good cause of action for specific performance. Nevertheless, the court is of the opinion that the position taken by plaintiffs on this motion is without merit.
While the court has been unable to find any controlling authority with respect to the precise question posed herein, nevertheless, it is the court’s view that since it is axiomatic that a mortgage is just as much of an interest in real property as a sale, and is equivalent in effect (Sleeth v. Sampson, supra) and since the Statute of Frauds, as amended in 1944, may be urged by either party to an agreement for the sale of real property (Robinson v. Karr, 273 App. Div. 790; Lerner v. Lawrence, 104 N. Y. S. 2d 723) — “ either to take or to make transfers of an interest in real property evidenced only in parol ” (300 West End Ave. Corp. v. Warner, 250 N. Y. 221, 226), the conclusion is inescapable that the Statute of Frauds in the factual situation here present, applies equally to a mortgagee as well as a mortgagor.
The court cannot lose sight of the fact that the purpose of the statute is to prevent litigation over oral agreements in relation to real property, where the terms are always dependent upon the uncertainty and varying memory of witnesses. This evil was to be remedied by the reduction of the terms of the contract to writing, so that the parties might not misunderstand the particulars of the contract which they were making, and that perjury might hot be invited to sustain a claim which never had any real existence. In the case at bar, what was allegedly contracted for is an interest in lands, and this falls within the ban of the statute unless in writing.
Plaintiffs apparently realizing the efficacy of the Statute of Frauds, seek to invoke the doctrine of part performance of an oral contract. However, it is fundamental that the basis for the invocation and exercise of the power of a court of equity to compel specific performance of an oral contract for the sale or mortgage of an interest in real property, because of part *301 performance, is that “ otherwise one party would be enabled to practice a fraud upon the other, and thus it would sometimes happen that a statute intended to prevent frauds would operate to secure to one party the fruits of fraud ”. (Canda v. Totten, 157 N. Y. 281, 287.)
There are certain criteria of such part performance as will move a court of equity to grant specific performance of a contract otherwise void under the Statute of Frauds. However, the part performance sufficient to remove a contract from the operation of the Statute of Frauds must not only be unequivocally referable to the oral contract (Burns v. McCormick, 233 N. Y. 230), but same must be performed by the party requesting relief (Bedini v. Christo, 189 Misc. 377; McKinley v. Hessen, 202 N. Y. 24; Wheeler v. Reynolds, '66 N. Y. 227) and said acts of performance must put the party resorting to equity in a situation which would work injustice to him unless the contract be fully performed (Walter v. Hoffman, 267 N. Y. 365; Woolley v. Stewart, 222 N. Y. 347; McKinley v. Hessen, supra). "Where by a refusal to execute a parol agreement, the other party, who has in part performed, cannot be placed in the same situation in which he was before such performance, then an irreparable injury is threatened and equity will intervene upon the ground that it would be a fraud if the transaction were not completed.
While the rule seems clear, the difficulty has been in the application. In this case, the complaint fails to allege any act performed by plaintiffs which has in any way changed their position, nor do they spell out in the complaint or the answering affidavit any threatened irreparable injury, nor indicate in any way that specific performance is necessary in order to prevent any fraud or injustice upon them unless the oral contract be fully performed. Obviously, the fact that the testatrix prior to her death delivered to her attorney the money which she allegedly intended to lend plaintiffs, does not help plaintiffs in this regard.
Lastly, plaintiffs urge that the court should impress a trust upon the money in the hands of defendant executor by reason of the confidential relationship between plaintiff and his grandaunt, and that under such circumstances equity should impose a constructive trust. This contention is likewise without merit since the doctrine of constructive trust which puts an equity court in motion is not founded upon the promise only nor the breach only, but upon the unjust enrichment under cover of the relation of confidence (Sinclair v. Purdy, 235 N. Y. 245; Foreman v. Foreman, 251 N. Y. 237). In the case at bar, there *302 was neither a confidential relation between plaintiff and his grandaunt nor any unjust enrichment either to the testatrix or her estate.
Accordingly, in the light of the afore-mentioned, defendant’s motion to dismiss the complaint is granted. However, as plaintiffs may be able to allege a cause of action different from the one set forth in the complaint, they may, if so advised, serve an amended complaint within 10 days after service of a copy of the order to be entered hereon, with notice of entry thereof.
Settle order on notice.