■ MARY JONAP, Appellant, v HERBERT NORWICK et al., Respondents, et al., Defendants. — In an action, *inter alia,* to recover damages for fraud, plaintiff appeals from stated portions of a judgment of the Supreme Court, Nassau County (Derounian, J.), entered September 26, 1980, which, after a nonjury trial, *inter alia,* dismissed the complaint. Judgment affirmed, insofar as appealed from, with costs. No opinion. Lazer, J. P., Gulotta and Cohalan, JJ., concur.

Gibbons, J., concurs in part and dissents in part, with the following memorandum: Jack Schwartz and Leslie Jonap were partners in real estate deals involving the buying, selling, and/or improving of shopping centers, office buildings and apartment houses. One of their projects was the Shirley Shopping Center, which was owned by the two men along with Sydney Stein as tenants in common. Jonap and Schwartz conveyed their undivided one-third interests in the shopping center to their wives, plaintiff Mary Jonap and defendant Elaine Schwartz, respectively. Thereafter the shopping center was sold, with the purchaser agreeing to assume all mortgages of record on the property. One such mortgage was executed by Elaine Schwartz, as the mortgagor, and Herbert Norwick, as the mortgagee, in the amount of $60,000. The mortgage recited that it pertained to Elaine Schwartz' "undivided one third interest" in the shopping center. Mr. Schwartz and Mr. Norwick testified that the loan proceeds were utilized to pay the deficit in tenant security accounts for an apartment complex owned by Mr. Jonap and Mr. Schwartz. Schwartz further testified that Mr. Jonap agreed to secure the loan with a mortgage on the shopping center. However, Mrs. Jonap refused to sign the mortgage. The instrument was then changed so that it covered only Mrs. Schwartz' interest in the property. At the closing, the purchaser received a credit for the assumption of the foregoing mortgage, and this amount was charged against all of the sellers, with no allocation between them. Thereafter, Norwick, who stated that he was only the nominee of the true lenders, assigned his interest in the mortgage to Irving Schwartz, Hilda Saltzman, and Roberta Steingart. The first two assignees, the brother and sister of Jack Schwartz, represent the actual lenders. The third assignee, Sydney Stein's daughter, received an interest in the mortgage to replace the amount charged against Stein's interest in the shopping center due to the Schwartz mortgage. Mary Jonap commenced this action against Elaine Schwartz, Herbert Norwick and the assignees of the mortgage in question. In essence, plaintiff contends that the mortgage was improperly charged against her interest, and therefore she is entitled to recover $20,000. After a nonjury trial, the court dismissed the complaint and held (1) that the loan proceeds were used to pay a joint obligation of Mr. Jonap and Mr. Schwartz, and (2) that Mr. Jonap was the true owner of an undivided one-third interest in the shopping center, notwithstanding the record title in Mrs. Jonap. Clearly, the mortgage was not signed by Mrs. Jonap, and did not purport to cover her interest in the property. Obviously, Mrs. Schwartz could not mortgage more than her own interest in the property (see *McLear v Balmat,* 194 App Div 827, affd 231 NY 548; 38 NY Jur, Mortgages and Deeds of Trust, § 37). Nor may she act, in the absence of authority, for another cotenant

(see *Albert v Schrank,* 203 App Div 149; *Greiner-Maltz Co. v Stevens,* 66 Misc 2d 79). Thus, the mortgage cannot affect plaintiff's interest in the property, since she never subscribed to a writing creating a mortgage (see General Obligations Law, § 5-703, subd 1; *Sleeth v Sampson,* 237 NY 69; *Donahue v Manufacturers Trust Co.,* 10 Misc 2d 298). Even if the mortgage was to be executed by Mrs. Schwartz as an agent for Mrs. Jonap (of which there is no evidence), such agency is without effect, in any event, since it was not authorized in writing (see General Obligations Law, § 5-703, subd 1; *Coppola v Fredstrom,* 45 AD2d 857). In addition, plaintiff's signing of the contract of sale cannot in any way subject her interest in the property to the mortgage, since the contract made no reference to the mortgage at the time it was signed by the plaintiff (such a reference was added at a later time). Although not disputing the foregoing, the defendants attempt to justify the charging of the mortgage against plaintiff's interest in her property. Defendants assert that since the mortgage secured a loan that was a joint obligation of Messrs. Jonap and Schwartz, and since Mr. Jonap was the true owner of a one-third interest in the shopping center (with the record title held nominally by his wife), it was justifiable to recover Mr. Jonap's share of the debt by charging his interest. Defendants note that (1) the deed between the Jonaps recited a nominal consideration, and (2) Mr. Jonap continued to manage the property after the conveyance to his wife. In rebuttal, the Jonaps testified that the cancellation of an antecedent debt between them furnished the consideration for the conveyance. Since the deed was recorded, there is a presumption that title passed (see *Munoz v Wilson,* 111 NY 295; *Southern Assoc. v United Brands Co.,* 67 AD2d 199). Defendants must overcome this presumption by proof of facts inconsistent with the transfer (see *Winick v Winick,* 26 AD2d 663; *Diamond v Wasserman,* 8 AD2d 623). In the case at bar, the evidence is insufficient to show that Mr. Jonap did not intend to convey title to his wife. Since Mrs. Jonap was the true owner of the property, it is not subject to her husband's debts, nor may her husband's creditors attach the property (see Domestic Relations Law, § 50; 15 NY Jur, Domestic Relations, § 266). The Schwartzes were free to proceed against Mr. Jonap or his property, but should not have withheld moneys belonging to Mrs. Jonap. Hence, Elaine Schwartz was enriched at the expense of Mary Jonap, since her personal obligation was discharged in an amount beyond her share of the proceeds at the closing (see *3105 Grand Corp. v City of New York,* 288 NY 178; *Evans v City of Johnstown,* 96 Misc 2d 755). "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (see *Paramount Film Distr. Corp. v State of New York,* 30 NY2d 415, 421). The law creates an obligation, regardless of the intention of the parties, to assure a just and equitable result (see *Bradkin v Leverton,* 26 NY2d 192, 196; *Miller v Schloss,* 218 NY 400, 407). Under the afore-mentioned circumstances it is my view that as between the parties, the defendant Elaine Schwartz was unjustly enriched (see *McGrath v Hilding,* 41 NY2d 625). Accordingly, the plaintiff should recover $20,000 in damages as against Mrs. Schwartz. However, the causes of action against Norwick and the assignees of the mortgage were properly dismissed since these defendants were not enriched, let alone unjustly enriched (see *3105 Grant Corp. v City of New York,* 288 NY 178, *supra).*